Modesto Runato RAROGAL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 93–70380.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 1994.

Decided Dec. 15, 1994.

William D. Hoshijo, Honolulu, HI, for petitioner.

Robert Kendall, Jr., Asst. Director, Dept. of Justice, Civ. Div., Washington, DC, for respondent.

Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

Rarogal petitioned for relief from deportation. We remand. The Board of Immigration Appeals apparently did not consider rehabilitation, even though the Immigration and Naturalization Service stipulated that relief from deportation was appropriate for that reason.

## I. FACTS

Rarogal came from the Philippines to Hawaii in 1980. He was admitted as a lawful permanent resident. His wife could not get a visa until nine years later. She arrived in 1989. They have two small children. Rarogal works full time at a fast food restaurant. So does his wife. In addition, she works as a suite attendant in a hotel. Rarogal cooks, and takes care of the house and their small children, when she is at her second job. Rarogal has been steadily employed since his arrival in 1980.

During the years when he was in Hawaii and his wife was still in the Philippines, Rarogal drank and got in trouble with the law. In 1982, he was convicted of theft, for walking out on a bar tab. In 1986, he was convicted of theft again, for shoplifting some batteries. Later in 1986, he was convicted of a much more serious crime, assault in the third degree, attempted assault, and terroristic threatening. He and his cousin were drunk, had an argument, and he stabbed his cousin in the leg (Rarogal says his cousin fell over a bicycle). For this, he was sentenced to ten years and served three years and some months.

After he got out of prison, he was required to show cause why he should not be deported. He conceded deportability, but asked for section 212(c) relief. 8 U.S.C. § 1182(c); *Tapia–Acuna v. INS,* 640 F.2d 223 (9th Cir. 1981). It was denied.

## II. ANALYSIS

Two things make this case unusual. First, we cannot tell which decision to review, that of the Immigration Judge (IJ), or that of the Board of Immigration Appeals (BIA). If the BIA only determined that the IJ did not abuse his discretion, and did not review the IJ's decision de novo and exercise its own discretion, then we would review the IJ decision. *Yepes–Prado v. INS,* 10 F.3d 1363, 1367 (9th Cir.1993). But if the BIA did review de novo and exercised its own independent discretion, then we would review only the BIA decision. *Charlesworth v. INS,* 966 F.2d 1323, 1325 (9th Cir.1992). We cannot tell from its language which it did, so we do not know which decision to review.

Second, the Immigration and Naturalization Service attorney did what he called "something out of the ordinary" during Rarogal's hearing. He announced that the Service had changed its position, and did not oppose relief from deportation. The INS lawyer had experience with criminal rehabilitation as a probation officer before he went to law school, and he had talked to Rarogal's parole officer and studied his case. In the

INS lawyer's opinion, Rarogal's crimes resulted from his drinking, and he had been able to control his drinking and conduct since his wife arrived:

> Your Honor, at this time, I'm going to do something out of the ordinary. I have cross-examined both of these witnesses today, and as background, before I went to law school, I was a probation officer with the state and I have spoken at length with Mr. Rarogal's Parole Officer in Maui about this case. And I understand from his Parole Officer that a lot of his problems behind which landed him in prison had to do with a very serious drinking problem that he used to have. And it is the Probation Off—Parole Officer's statement to me, and I trust him because I know him, that since he has gotten out of prison and since Mrs. Rarogal has arrived in the United States, this respondent has been able to control himself and Mr. Endo says he's been able to appear when requested at the Parole Office, report in and not break any laws. Because of this, and after clearing this with Mr. Kendall Warren, I'm not going to oppose the 212(c) waiver application at this time. And I want to say that for the record, that the Service does not oppose the 212(c) application.

Mrs. Rarogal testified that, since she was allowed to join her husband in 1989, he had stopped drinking.

In his decision, the IJ balanced the favorable and unfavorable factors, and concluded that relief should be denied. But he did not discuss the INS concession that relief from deportation was appropriate because of rehabilitation from 1989 to 1992. The tipping point in the IJ's decision appears to be that "We [1] also are not completely satisfied that the respondent has demonstrated rehabilitation." He explained this finding by referring to Rarogal's recidivism between 1982 and 1986, and the seriousness of the 1986 crime.

■ The IJ's decision violated the rule that a discretionary denial of relief from deportation must "show proper consideration of all factors." *Mattis v. INS*, 774 F.2d 965, 968 (9th Cir.1985). A denial constitutes an abuse of discretion if the decision does not consider evidence of a significant favorable factor, and fails to address evidence or give reasons for its negative conclusion despite the evidence of a significant favorable factor. *Id.* Rehabilitation is an appropriate factor for consideration. *See Matter of Edwards*, Interim Decision 3134 (BIA 1990).

■ The BIA, unlike the IJ, discussed the INS change of position. The BIA said that the change of position does "not affect the outcome" because Rarogal had the burden of proof. While the change of position might be insufficient to persuade the BIA to exercise its discretion in Rarogal's favor, we cannot see why it would "not affect the outcome." The INS change of position, and the conceded rehabilitation evidence on which it was expressly based, were important factors which had to be considered under *Mattis*.

The INS lawyer made it clear that his announcement was carefully considered, cleared within his office, and reflected careful consideration of the evidence in light of extensive and relevant experience. The announcement in open court on the record of the INS change of position appears to have been intended to operate as a stipulation that Mr. Rarogal should obtain relief from deportation, because he had been rehabilitated. Opposing counsel would so understand it. Ordinarily an express stipulation in open court establishes a fact "so that the one party need offer no evidence to prove it and the other is not allowed to disprove it." 9 John H. Wigmore, Evidence § 2588 (Chadbourn rev. 1981). After the INS conceded that Rarogal was rehabilitated and deserved relief from deportation, Rarogal did not need to prove that he was rehabilitated, or that relief from deportation would be justified. His burden of proof was satisfied by the INS concession. All that was left was to persuade the IJ or BIA that its discretion should be exercised in his favor based on "all factors."

Rarogal was released from prison in 1989. His wife also arrived that year. The hearing was in August of 1992. In the extraordinary circumstance of the INS announcing its

---

1. This was apparently a one-judge IJ decision, not the three judge BIA decision.

nonopposition to section 212(c) relief and conceding that Rarogal was rehabilitated during the three years since his wife had come to the country, it was incumbent upon the IJ or BIA, whichever was exercising discretion, to consider and discuss rehabilitation. Pointing out that his criminal conduct had not stopped, but instead got worse from 1982 to 1986, did not address this issue of his rehabilitation from 1989 to 1992.

This is not to say that once the INS attorney made his announcement, the IJ could do nothing but accede to his position. Arguably, as the INS contends on appeal, Rarogal's record before he went to prison, and his failure to accept responsibility for stabbing his cousin, would outweigh the evidence of rehabilitation. Petitioner does not argue, and we do not decide, that the IJ or BIA lacked authority to make an independent judgment more adverse to petitioner than the INS position. But, under *Mattis,* the BIA or IJ had to explain why the conceded rehabilitation after 1989 was outweighed by other evidence, and why relief was denied despite the INS concession that it should be granted. We remand for reconsideration of relief from deportation in light of the INS concession.

VACATED and REMANDED.