52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto LEON-RUIZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70845.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1995.*
Decided April 11, 1995.
 
 1
 Before: D.W. NELSON and CANBY, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alberto Leon-Ruiz petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). Although Leon-Ruiz concedes that his conviction for possession of narcotics justifies deportation under section 241(a)(11) of the Act, 8 U.S.C. Sec. 1251(a)(11), he argues that the BIA erred because it (1) improperly treated his offense as a serious crime requiring a showing of "unusual and outstanding equities" to justify a waiver; and (2) erroneously concluded that the equities did not warrant a waiver of deportation. We have jurisdiction under 8 U.S.C. Sec. 1105(a), and we deny the petition.
 
 I.
 
 4
 We review the BIA's balancing of equities for discretionary waiver of deportation for an abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993); Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991). Because the BIA conducted a de novo review of the immigration judge's determination, and considered additional evidence not presented to the immigration judge, we review only the decision of the BIA. Rarogal v. INS, 42 F.3d 570, 571 (9th Cir.1994); Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994).
 
 II.
 
 5
 In considering a section 212(c) waiver, the BIA balances the "social and humane considerations" in favor of waiver against the "adverse factors that evidence the applicant's undesirability as a permanent resident." Rashtabadi v. INS, 23 F.3d 1562, 1570 (9th Cir.1994) (quoting Yepes-Prado, 10 F.3d at 1365-66). When the applicant for waiver has committed a serious crime, waiver is only justified upon a showing of "unusual or outstanding equities." Id. Leon-Ruiz argues that the BIA improperly classified his conviction for possession of narcotics as a serious crime.
 
 
 6
 First, Leon-Ruiz asserts that the BIA improperly treated his crime as serious without considering the underlying circumstances relating to his offense. The BIA may not characterize a violation of certain criminal statutes as "very serious" without first considering the particular circumstances underlying the applicant's violation of the statute. Elramly v. INS, --- F.3d ----, No. 93-70369, slip op. at 2445, 1995 WL 82905, at * 3 (9th Cir. Mar. 2, 1995). In its decision, however, the BIA specifically noted that its determination that the crime was serious was based in part on the type of drugs (cocaine and heroin) and the amount possessed ("quantities large enough to be destined for others to consume"). It also noted that Leon-Ruiz agreed to participate in the scheme for monetary gain. Accordingly, we find that the BIA properly considered the nature of Leon-Ruiz's specific offense before classifying his conviction for possession of narcotics as a serious offense.
 
 
 7
 Second, Leon-Ruiz also claims that the BIA could not require "unusual and outstanding equities" because his only violations were a drug possession offense, deemed "nondangerous and nonrepetitive" by the Arizona statute, and two drunk driving offenses. Because we have upheld the BIA's treatment of similar crimes as serious, we affirm the BIA's application of the "unusual or outstanding equities" standard in this case. See Ayala-Chavez, 944 F.2d at 642 (requiring outstanding equities based on a conviction for a nonviolent drug possession offense and numerous traffic violations); Johnson v. INS, 971 F.2d 340, 344 (9th Cir.1992) (requiring outstanding equities because the alien violated the Travel Act by riding from Texas to California in a car containing money derived from drug transactions).
 
 III.
 
 8
 Leon-Ruiz further alleges that the BIA erroneously determined that the equities did not justify a waiver of deportation. Our review, however, is limited to consideration of whether the BIA's conclusions were supported by "a reasoned explanation based on legitimate concerns." Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992); Vargas v. United States Dep't of Immigration & Naturalization, 831 F.2d 906, 908 (9th Cir.1987). By discussing the significance of the type and amount of drugs, the agreement to pay Leon-Ruiz to hold the drugs, and the fact that Leon-Ruiz buried the drugs himself, the BIA fulfilled the requirement that it "examine the facts surrounding the precise offense and evaluate those circumstances" in weighing the negative effect of Leon-Ruiz's drug conviction. Yepes-Prado, 10 F.3d at 1371. The BIA also showed the requisite consideration of all the relevant factors by addressing each of Leon-Ruiz's favorable equities both separately and cumulatively, including rehabilitation. Id. at 1366. The BIA also stated the reasons for its decision and did not rely on any impermissible factors. Id.
 
 
 9
 Thus, although Leon-Ruiz's positive equities were substantial, we cannot conclude that the BIA abused its discretion in determining that the gravity of Leon-Ruiz's offense outweighed these equities. See Johnson, 971 F.2d at 344 9 (upholding the BIA's finding that the severity of a drug-related offense outweighed substantial positive equities); Ayala-Chavez, 944 F.2d at 642 (same).
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3