56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose Ismael MARTINEZ-MARTINEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70932.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1995.*
Decided May 23, 1995.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, I&NS No. Anm-vpv-fkh.
 
 INS
 
 2
 PETITION DENIED.
 
 
 3
 Before: HALL and LEAVY, Circuit Judges, and LEVI, District Judge**
 
 
 4
 MEMORANDUM***
 
 
 5
 Jose Ismael Martinez-Martinez petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for registry under section 249 of the Immigration and Nationality Act, 8 U.S.C. Sec. 1259. We have jurisdiction under 8 U.S.C. Sec. 1105a, and we deny Martinez-Martinez's timely petition.
 
 
 6
 Martinez-Martinez is a citizen of Mexico. (A.R. at 20.) In 1986, the Immigration and Naturalization Service issued an order to show cause why he should not be deported. (Id.) Following a hearing in January 1987, the IJ found Martinez-Martinez deportable and granted him voluntary departure. (Id. at 20-21.) In September 1988, the IJ permitted Martinez-Martinez to re-open the proceedings to apply for registry under 8 U.S.C. Sec. 1259. (Id. at 21.) Following a further hearing, the IJ denied petitioner's application for registry and found him deportable. (Id. at 26.) The BIA affirmed in an opinion that sets forth its reasons for concurring with the conclusion of the IJ. (Id. at 3-4.)
 
 
 7
 The Attorney General may, in her discretion, make a record of lawful admission for an alien who entered the United States prior to January 1, 1972 and who has continuous residence in the United States since entry, good moral character, and is eligible for citizenship. 8 U.S.C. Sec. 1259. This procedure is known as registry. There is no question in this case that Martinez-Martinez meets the basic prerequisites for registry. Rather, the issue is whether the BIA properly exercised its discretion in denying registry relief. We review the BIA's discretionary denial of relief from deportation for abuse of discretion. Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir. 1994) (citing Foti v. INS, 375 U.S. 217, 228 (1963)). Under this standard, the BIA's decision "will be upheld unless it is arbitrary, irrational, or contrary to law." Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir. 1994).
 
 
 8
 Petitioner argues that the IJ abused his discretion by applying the wrong legal standard. Martinez-Martinez contends that the IJ mistakenly applied the higher standard for suspension of deportation under 8 U.S.C. Sec. 1254(a) by requiring him to make a showing of "outstanding" equities in his favor. (Pet'r's Br. at 7.) However, we would only review the IJ's decision if the BIA confined its review to determining whether the IJ abused his discretion. Rarogal v. INS, 42 F.3d 570, 571 (9th Cir. 1994). Where the BIA has reviewed the IJ's decision de novo and has independently exercised its discretion, we review only the BIA's decision. Id.
 
 
 9
 In this case, although the BIA did not expressly state the standard of review that it applied to the IJ's decision, it is apparent that its review was de novo. The BIA independently reviewed the facts of the case and considered both the positive and the negative equities in petitioner's application for registry relief. (A.R. at 4.) Upon concluding this analysis, the BIA found that the IJ correctly addressed the relevant issues. (A.R. at 3-4.) Nothing in the BIA opinion suggests that any deference was given to the IJ. In these circumstances, we review only the BIA's decision.[1]
 
 
 10
 Martinez-Martinez does not assert that the BIA applied the wrong legal standard. It did not require petitioner to show extreme hardship or outstanding equities. The BIA explained that petitioner repeatedly violated the immigration laws of this country, has numerous drunk driving offenses, and apparently failed to pay taxes almost half the time he has been in the United States. (A.R. at 4.) The BIA also observed that Martinez-Martinez has some positive equities, including a record of diligent work. (Id.) Overall, however, the BIA found that petitioner's positive equities "in no way counterbalance the many negative factors present in the case." (Id.) The BIA's reasoning reflects a consideration of appropriate factors. Its weighing of the equities was not an abuse of discretion.
 
 
 11
 Because the BIA appropriately exercised its discretion, we affirm its order. Martinez-Martinez's petition for registry relief is
 
 
 12
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Even if we were to consider the IJ's opinion, petitioner's attack on the opinion would not prevail. A finding of "extreme hardship" is the one significant statutory requirement for suspension of deportation that is absent from the statutory standards for granting registry relief. Compare 8 U.S.C. Sec. 1254(a) with 8 U.S.C. Sec. 1259. Nowhere in the IJ's decision is "extreme hardship" mentioned. Instead the IJ carefully balanced the positive and negative factors and found that Martinez-Martinez had failed to present "any equities of any significant nature," and "little equity that would favor the exercise of discretion." (A.R. at 25, 26.) In challenging the IJ's opinion, petitioner seizes upon his comparison of the standard for registry relief with the allegedly higher standard for suspension of deportation. The IJ observed that both forms of relief require "an alien to demonstrate equities 'above and beyond the statutory prerequisites' sufficient to persuade the Immigration Judge to exercise his broad discretion." (Id. at 24.) This statement does no more than correctly identify similarities between suspensions of deportations and registry relief. The IJ then stated that Martinez-Martinez had not presented "equities of outstanding nature, if any equities of any significant nature." (Id. at 25.) Petitioner contends, without support, that the "outstanding equities" standard is typically applied in suspension of deportation cases. However, even if this were true, the IJ also indicated that Martinez-Martinez had failed to present "any equities of any significant nature," confuting plaintiff's argument that the IJ applied the wrong standard. (Id.)