**Alla HOVHANISIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70079.

INS No. A75–675–433.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.*

Decided Feb. 20, 2003.

Before HALL, THOMPSON and BERZON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM**

Petitioner is a 64–year–old native and citizen of Azerbaijan who submitted an asylum application in 2000. She did not appear for an August hearing, and the Immigration Judge (IJ) issued an order of removal in absentia. In 2001, petitioner filed a motion to reopen stating that she had failed to appear due to exceptional circumstances under 8 U.S.C. § 1229a(e)(1), involving fraud perpetrated by an immigration consultant. The Board of Immigration Appeals denied the motion, in part because it found petitioner's reliance on the supposed immigration consultant's misrepresentations unreasonable. We find that the BIA did not abuse its discretion in denying the motion to reopen and therefore deny the petition. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

■ Petitioner's claim that she falls under the rule announced in *Lopez v. INS*, 184 F.3d 1097 (9th Cir.1999), for immigration consultant fraud ignores significant factual differences from that case. The *Lopez* court considered "Lopez's *reasonable reliance on fraudulent legal representation* [by a notary public who represented himself as a lawyer]." *Id.* at 1100 (emphasis added). The BIA correctly deemed petitioner's reliance on the immigration consultant, "Amalia," to be unreasonable. According to petitioner's later account of "Amalia's" name and role, "Amalia" told obvious falsehoods to the IJ in petitioner's presence at the June, 2000 hearing; she lied about her name and her relationship to petitioner. As stated by the BIA, petitioner then "should have re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

alized that the consultant was not a bona fide representative." Petitioner at that point had not been threatened by "Amalia's" staff, as she later claims occurred; allegedly had a desire to "come clean with the truth" in the wake of an earlier fraud concerning her asylum application (purportedly perpetrated by another immigration consultant); and could have brought "Amalia's" deception to the authorities' attention instead of acquiescing in the scheme. The BIA's conclusion that it was unreasonable for petitioner to rely on "Amalia's" advice not to attend the August hearing was a sufficient basis for the BIA's decision. There was no abuse of discretion.

Petitioner's claim that the INS's failure to oppose her motion to reopen is legally significant is also unavailing. The BIA correctly concluded that this case is unlike *Rarogal v. INS*, 42 F.3d 570 (9th Cir.1994), because there "the Service conceded that the alien had established rehabilitation, and stated that the Service did not oppose the granting of relief from deportation." Petitioner's citation of *Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999), is inapposite since in that case the INS's failure to join petitioner's motion was the *sole* reason her motion was denied.

DENIED.