**Daniel Anthony GORDON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket 94–4079.**

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1994.

Decided Sept. 20, 1994.

Enrique Pena–Perez, New York City, for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., New York City, on the brief), for respondent.

Before: NEWMAN, Chief Judge, KEARSE and CARDAMONE, Circuit Judges.

PER CURIAM:

The pending motion for a stay of deportation prompts this brief opinion to alert the Immigration and Naturalization Service ("INS") and the United States Attorney's Office for the Southern District of New York of the need to avoid a repetition of the circumstances that give rise to this motion.

David Anthony Gordon moves for a stay of deportation. He is a native of Jamaica, admitted as a lawful permanent resident in 1983. Following his state court convictions for criminal possession of a weapon in the third degree, in violation of N.Y. Penal Law § 265.02 (McKinney 1989), and criminal possession of a controlled substance in the fifth degree, in violation of N.Y. Penal Law § 220.06 (McKinney 1989), he was found to be deportable and ineligible for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988). Upon rejection of his administrative appeal by the Board of Immigration Appeals ("BIA"), he filed a petition for review in this Court and moved for a stay. On the representation of Assistant United States Attorney Diogenes P. Kekatos by letter dated May 25, 1994, that INS "will proceed on the assumption that the conviction is not an aggravated felony and that Gordon has an automatic stay of deportation," this Court denied the stay on May 31, 1994. Thereafter, on June 28 counsel for Gordon and Assistant United States Attorney Diogenes P. Kekatos filed with this Court a stipulation providing that the petition for review shall be held in abeyance until the Court has received and considered the decision on remand in *Esposito v. INS*, 987 F.2d 108 (2d Cir.1993), and that the automatic stay of deportation, 8 U.S.C. § 1105a(a)(3), shall remain in effect until 30 days after respondent notifies the petitioner of the decision on remand in *Esposito*.

Notwithstanding this stipulation, on July 7 the INS sent Gordon a notice directing him to report to the INS on August 4, 1994, "ready for deportation." The notice stated that "it is now incumbent upon this Service to enforce your departure from the United States." On August 3 counsel for Gordon filed a motion in this Court to stay deportation. Judge McLaughlin entered a temporary stay until consideration of the motion by the panel sitting on August 30, 1994.

On August 23, Assistant United States Attorney Kekatos wrote this Court a letter brief in opposition to the motion for a stay. That letter acknowledged the June 28 stipulation providing for a stay of deportation and characterized the INS directive of July 7 as a notice "to surrender." The letter stated that Kekatos had informed Gordon's counsel that Gordon was protected from deportation under the terms of the stipulation, and asserted that Gordon was nonetheless obligated to surrender so that the INS could take him into its custody. The letter further asserted that this Court should deny the stay application on the ground that Gordon was a fugitive because he had not surrendered to the INS. The letter made no mention of the fact that the INS notice of July 7 had required Gordon to report "for deportation."

At oral argument on the motion, Assistant United States Attorney Kekatos characterized the INS notice as a "form letter" and renewed the position, previously asserted to counsel for Gordon, that Gordon was obliged to surrender to the custody of the INS, even though he was protected from deportation by the stipulation. Kekatos also acknowledged that his own letter involved a poor choice of words.

We consider the performance of the INS and the United States Attorney's office in this matter to be unacceptable. The INS is not entitled to send an alien a formal notice to report "for deportation" after counsel representing the INS has stipulated that deportation is stayed. If form notices are to be used, they must be modified to conform to agreements entered into on behalf of the INS. Nor is it appropriate for an Assistant United States Attorney to omit from his representation to this Court the key fact that the INS had required Gordon to report "for deportation."[1] We reject the Government's contention that an alien, ordered to report "for deportation" in violation of a stipulation staying deportation, becomes a fugitive by failing to report as ordered. Whether or not the INS would have been entitled to take Gordon into custody had it not ordered him to report "for deportation," see 8 U.S.C. § 1105a(a)(8) (Supp. IV 1992), Gordon did not become a fugitive by declining to obey the improperly issued July 7 notice.

Under the circumstances, we will stay deportation until disposition of the petition for review, which has now been withdrawn without prejudice to reinstatement within thirty days after the BIA's decision in *Essposito*, and we will stay enforcement of the INS order to surrender.

---

1. The letter accuses counsel for Gordon of making a misrepresentation to this Court by alleging, in his stay application, that Gordon faced imminent deportation after Kekatos had informed counsel that the stipulation protected his client. We see no basis to fault counsel for Gordon. His client had been issued a notice to report "for deportation" and, though the explanation from Kekatos was useful, the INS notice remained outstanding and was never cancelled or modified by the INS. If less than full disclosure has occurred in this matter, it has not been on the part of counsel for Gordon.