**Gilbert Louis EDWARDS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 1434, Docket 94–4069.**

United States Court of Appeals, Second Circuit.

Argued May 19, 1995.

Decided June 20, 1995.

Judith Z. Katz, New York City (Arthur S. Linker, Rosenman & Colin, of counsel), for petitioner.

Diogenes P. Kekatos, Asst. U.S. Atty. for the S.D. of N.Y., New York City (Mary Jo White, U.S. Atty., James A. O'Brien III, Sp. Asst. U.S. Atty., Steven M. Haber, Asst. U.S. Atty., of counsel), for respondent.

Before: ALTIMARI, MAHONEY and WALKER, Circuit Judges.

MAHONEY, Circuit Judge:

Petitioner Gilbert Louis Edwards seeks review of an order rendered February 9, 1994 by the Board of Immigration Appeals (the "BIA") that dismissed Edwards' appeal from a decision by an immigration judge dated December 3, 1993 that found Edwards to be deportable under section 241(a)(2)(C) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(2)(C), and ineligible for a waiver of deportation under section 212(c) of the Act, 8 U.S.C. § 1182(c).

Edwards mistakenly filed his petition in the United States District Court for the Southern District of New York, and the proper parties were therefore not promptly served. As a result, he did not become entitled to a statutory stay until over a

---

month after he filed his petition. Because he was deported in the interim, we dismiss his appeal for lack of subject matter jurisdiction.

## Background

Edwards, a native and citizen of Jamaica, entered the United States in 1981 without being inspected by the Immigration and Naturalization Service (the "INS"). According to the INS, Edwards' status was adjusted to that of lawful permanent resident pursuant to § 245A of the Act, 8 U.S.C. § 1255a, on November 21, 1989.[1] On July 15, 1993, Edwards was convicted, following a guilty plea, of criminal possession of a weapon in the third degree in the New York Supreme Court, New York County, and sentenced to a prison term of one year.

Following service upon Edwards of an order to show cause charging that his conviction rendered him deportable under § 241(a)(2)(C), and a hearing at which Edwards was represented by an accredited representative, Immigration Judge Alan Vomacka ruled that: (1) Edwards was deportable; and (2) because Edwards did not meet the requirement of § 212(c) that he have seven years of lawful unrelinquished domicile in the United States,[2] he was not eligible for a waiver under that provision. Edwards appealed to the BIA, which ruled that § 212(c) relief is unavailable to an alien who is deportable as a result of a weapons conviction.

On March 7, 1994, Edwards, proceeding *pro se*, mailed by certified mail to the United States District Court for the Southern District of New York a petition that sought review of the BIA decision, and a motion for stay of deportation, to proceed in forma pauperis, and for the appointment of counsel. Both the petition and the motion were headed by a district court caption. He also mailed these documents by certified mail to the United States Attorney for the Southern District of New York.

Although the clerk of the district court stamped the petition received as of March 15, 1994, he did not forward it to the clerk of this court until April 22, 1994; the petition was marked received in this court as of March 15, 1994. *See* 28 U.S.C. § 1631 (if petition is filed in court lacking jurisdiction, court may transfer petition to proper court, and action shall proceed as if filed in proper court on date filed in transferor court). Four days later, the clerk of this court notified the United States Attorney by phone that the petition had been filed and mailed copies of the petition and motion to the United States Attorney and the INS district director. However, Edwards had been deported on March 23, 1994.

The INS then filed a motion to dismiss the petition on the ground that the deportation divested this court of subject matter jurisdiction. We denied the motion, but granted Edwards' motion to proceed in forma pauperis and for the appointment of counsel. Briefs were thereafter filed and argument was heard.

## Discussion

■ Edwards contends that because he served his petition upon the United States Attorney, the legal representative of the INS, on March 7, 1994, he thereby obtained a statutory stay, and that his deportation in violation of that stay does not divest this court of subject matter jurisdiction. He then addresses the merits of his petition.

Invoking § 106(c) of the Act, 8 U.S.C. § 1105a(c) ("An order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order."), and *Roldan v. Racette*, 984 F.2d 85, 90 (2d Cir.

---

1.  Edwards contends that his status was changed in November 1986. This appears to be impossible, because § 245A relief did not become available until May 5, 1987. *See* 8 C.F.R. § 245a.2(a). In any event, in light of our disposition of this case, the dispute is immaterial.

2.  By its terms, § 212(c) allows the Attorney General to admit in his discretion, without regard to most of the statutory provisions regarding exclusion of aliens, permanent resident aliens "who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." *Id.* We have held that the Attorney General must exercise similar discretion with respect to aliens who have not travelled abroad and are deportable. *See Francis v. INS*, 532 F.2d 268 (2d Cir.1976).

1993) (even if events during administrative review raise due process concerns, § 106(c) "admits of no exceptions"), the government argues that even if Edwards was deported in violation of a statutory stay, once he was deported, this court was divested of subject matter jurisdiction. The government contends in the alternative that Edwards did not meet the requirements to obtain a statutory stay, and also argues the merits.

We have serious doubts that our holding in *Roldan* permits the INS to deport an alien in violation of a stay or deprives this court of jurisdiction in such an eventuality, and we assume that the INS would not have the temerity deliberately to flout a statutory (or other) stay of a deportation order by deporting the alien subject to that deportation order.[3] *See Baez v. INS*, 41 F.3d 19, 25 (1st Cir.1994) ("Even if we were to acknowledge that some extreme situations, such as a knowingly unlawful deportation by the INS for the specific purpose of short-stopping an alien's right to review, might justify an exception to section 1105a(c)'s jurisdictional bar, petitioner's claims are not of this stripe."); *Mejia–Ruiz v. INS*, 51 F.3d 358, 362–63 (2d Cir.1995) ("We need not consider whether the proposed exception in *Baez* would square with this court's holding in *Roldan* [in view of alien's] voluntary departure.... [H]owever, our decision should not be read as condoning forced departures by the [INS] as a technique to avoid judicial review of its actions."); *cf. Gordon v. INS*, 36 F.3d 249, 251 (2d Cir.1994) (per curiam) ("The INS is not entitled to send an alien a formal notice to report 'for deportation' after counsel representing the INS has stipulated that deportation is stayed."). Because we agree with the government that no stay was

in effect barring Edwards' deportation, however, we leave this question for another day.

The procedures for obtaining review of a deportation order, and the grant of jurisdiction to this court, are found in § 106 of the Act, which provides in pertinent part:

(a) Exclusiveness of procedure

The procedure prescribed by, and all the provisions of *chapter 158 of Title 28* shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings ..., except that—

. . . .

(3) Respondent; service of petition; stay of deportation

the action shall be brought against the Immigration and Naturalization Service, as respondent. Service of the petition to review shall be made upon the Attorney General of the United States and upon the official of the Immigration and Naturalization Service in charge of the Service district in which the office of the clerk of the court is located. The service of the petition for review upon such official of the Service shall stay the deportation of the alien pending determination of the petition by the court, unless the court otherwise directs or unless the alien is convicted of an aggravated felony (including an alien described in section 1252a of this title), in which case the Service shall not stay the deportation of the alien pending determination of the petition of [sic] the court unless the court otherwise directs[.]

8 U.S.C. § 1105a (emphasis added).

The pertinent provision of chapter 158 is 28 U.S.C. § 2344, which specifies that:

---

**3.** We were advised at oral argument that it is the ordinary practice of this court for the office of the clerk to provide immediate telephonic notice to the office of the United States Attorney upon receipt of a petition for review that entitles an alien to an automatic stay of deportation, and that the INS honors the stay, based upon that notice, even prior to service of the petition for review. The telephonic notice was apparently delayed in this case because the petition for review bore a district court caption, raising some question whether it was in fact a petition for review or for habeas corpus.

Of course, even immediate telephonic notice in this case would have been unavailing, because Edwards had been deported long before his petition made its way to the clerk of this court. Thus, we do not address the situation that would be presented by dilatory conduct by the clerk's office (or, in the case of a petition filed by an incarcerated prisoner, by prison authorities) that causes untimely notice to the INS regarding a properly filed petition for review.

Any party aggrieved by [an agency] final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies.... The clerk shall serve a true copy of the petition on the agency and on the Attorney General by registered mail, with request for a return receipt.

*Id.; see also* Fed.R.App.P. 15(c) ("A copy of a petition for review ... shall be served by the clerk of the court of appeals on each respondent.... At the time of filing, the petitioner shall furnish the clerk with a copy of the petition ... for each respondent.").

Edwards claims that the statutory stay was triggered because on March 15, 1994 he served the United States Attorney, which put the INS on notice of his review proceeding. The INS correctly notes, however, that a stay ensues after service upon "the official of the [INS] in charge of the [INS] district in which the office of the clerk of the court is located." 8 U.S.C. § 1105(a)(3). Edwards contends that service upon the United States Attorney is, for all practical purposes, service upon the INS district director. This argument rewrites § 106, which requires service upon both the Attorney General and the district director generally, and upon the district director in particular in order to trigger the stay.

Moreover, Edwards' argument ignores § 2344 and Rule 15(c) altogether, which require that service be undertaken by the clerk of the court. While § 106 supplements the otherwise generally applicable chapter 158, there is no indication that Congress intended to alter the means by which a petition must be served upon the government. Rather, § 106 augments chapter 158 by specifying who must be served and that a stay ordinarily becomes automatically effective upon service of the petition for review in the absence of a contrary court order. Indeed, the requirement for service by the clerk is particularly important in light of the automatic stay provision, because such service assures the

INS that a petition has actually been filed with the court of appeals. *Cf. Gianna Enters. v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1358 (S.D.N.Y.1982) (noting that service of summons not signed by clerk and not bearing seal of court "fails to assure the person served that the summons was in fact issued by the clerk of a court and not by the plaintiff or his attorney") (collecting authorities).[4]

Edwards nevertheless argues that he should be excused from these procedural requirements because of his *pro se* status. However, while a *pro se* litigant's pleadings must be construed liberally, *see McNeil v. United States,* — U.S. —, —, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); *Haltmier v. Commodity Futures Trading Comm'n,* 554 F.2d 556, 559 n. 1 (2d Cir.1977) (*pro se* litigant's timely letter informing agency that he would seek review of order and requesting that agency transmit record to court, which he had already contacted, satisfied requirements of written petition), and *pro se* prisoners are deemed to have served papers upon delivering them to the prison warden, *see Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them. *See McNeil,* — U.S. at —, 113 S.Ct. at 1984 ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California,* 422 U.S. 806, 834 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975) ("The right of self-representation is not a license ... not to comply with relevant rules of procedural and substantive law."); *Stajic v. INS,* 961 F.2d 403, 405 (2d Cir.1992) (per curiam) (finding no unique circumstances to excuse petitioner's late filing of petition and noting that BIA not required to inform petitioner of procedural requirements); *Swimmer v. IRS,* 811

---

4. Edwards places heavy reliance upon an unreported district court decision for the proposition that service by Edwards upon the United States Attorney should be deemed effective. *See Anarah v. Slattery,* No. 90 Civ. 7076 (JFK), 1992 WL 8152 (S.D.N.Y. Jan. 13, 1992). Assuming that *Anarah* was correctly decided, it is clearly distinguishable. Among other things, the alien's petition for review in *Anarah* was properly filed with this court, not with the district court. *See id.* at *1.

F.2d 1343, 1345 (9th Cir.1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se.*").

Our conclusion is buttressed by the clarity of the applicable procedural statute and rule, 28 U.S.C. § 2344 and Fed.R.App.P. 15(c), quoted in pertinent part above. It is regrettable that Edwards' petition was not forwarded more rapidly from the district court to this court, but nothing more than inadvertent delay apparently occurred. *Cf. Gordon,* 36 F.3d at 251 (rebuking apparently intentional disregard by INS of stipulation by its attorney). In sum, no basis appears on this record to disregard the clear mandate of § 106(c) that in view of Edwards' deportation, we are without jurisdiction to address his petition for review.

### Conclusion

Edwards' petition for review is dismissed for lack of subject matter jurisdiction.