# In re Gildardo CHAVEZ-Martinez, Respondent

File A37 731 348 - Chicago

*Decided August 31, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien seeking to reopen proceedings to establish that a conviction has been vacated bears the burden of proving that the conviction was not vacated solely for immigration purposes.

(2) Where the respondent presented no evidence to prove that his conviction was not vacated solely for immigration purposes, he failed to meet his burden of showing that his motion to reopen should be granted.

FOR RESPONDENT:  Maria Gloria Najera, Esquire, Addison, Illinois

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Lynn K. Hollander, Assistant Chief Counsel

BEFORE:   Board Panel: FILPPU and PAULEY, Board Members; M. C. GRANT, Temporary Board Member.

M. C. GRANT, Temporary Board Member:

This case was last before us on January 3, 2007, when we affirmed the Immigration Judge's September 2, 2005, decision denying the respondent's applications for cancellation of removal under section 240A(a) of the Immigration Nationality Act, 8 U.S.C. § 1229b(a) (2000), and voluntary departure, and ordering him removed from the United States.  The respondent has now filed a motion to reopen seeking to show that he is no longer removable.  The respondent's motion will be denied.

The respondent is a native and citizen of Mexico who was admitted to the United States as an immigrant on April 1, 1983.  On November 30, 2001, removal proceedings were commenced against the respondent as a consequence of his Illinois conviction for the offense of criminal sexual abuse. An Immigration Judge ordered the respondent removed on January 31, 2002.

During the pendency of the respondent's appeal, he filed a motion to remand, alleging that his underlying conviction had been vacated and that he had been resentenced to simple battery.  On May 30, 2002, we granted the respondent's motion.  On remand, the Immigration Judge asked the parties for

evidence establishing the reason that the respondent's sexual abuse conviction had been vacated.  The Immigration Judge granted the respondent multiple continuances, but no additional evidence was ever provided.   In his September 2, 2005, decision, the Immigration Judge determined that the respondent had not presented evidence demonstrating that his conviction for sexual abuse was vacated as a result of a procedural or substantive defect in the underlying criminal proceedings.  He therefore concluded that it remained valid for immigration purposes, rendering the respondent ineligible for cancellation of removal.

On January 3, 2007, we dismissed the respondent's appeal.  The respondent filed the instant motion, requesting that we reopen the proceedings based on new law establishing that the Department of Homeland Security ("DHS") bears the burden of proving that a conviction has been vacated solely for immigration reasons.  *See Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006) (reversing *Matter of Pickering*, 23 I&N Dec. 621 (BIA 2003)).  We find that reopening of the proceedings is not warranted.  *See* 8 C.F.R. § 1003.2(c)(1) (2007).

Contrary to the respondent's assertion, there has not been a fundamental change in the law regarding vacated convictions that warrants reopening of proceedings.  As a general rule, we give full faith and credit to State court actions that purport to vacate an alien's criminal conviction.  *Matter of Rodriguez-Ruiz*, 22 I&N Dec. 1378 (BIA 2000).  Nonetheless, if a court vacates an alien's criminal conviction solely on the basis of immigration hardships or rehabilitation, rather than on the basis of a substantive or procedural defect in the underlying criminal proceedings, the conviction is not eliminated for immigration purposes and will continue to serve as a valid factual predicate for a charge of removability despite its vacatur.  *Matter of Pickering*, *supra*; *see also Ali v. Ashcroft*, 395 F.3d 722, 728-29 (7th Cir. 2005) (deferring to our decision in *Matter of Pickering* and holding that a State felony conviction remained valid for immigration purposes, even though it was amended to a misdemeanor by the State court).

There is a conflict among the Federal circuit courts of appeals regarding which party bears the burden of proving why a conviction has been vacated in the context of a motion to reopen.  *See Nath v. Gonzales*, 467 F.3d 1185, 1188-89 (9th Cir. 2006) (holding that the DHS bears the burden of showing that an alien's conviction remains valid for immigration purposes); *Rumierz v. Gonzales*, 456 F.3d 31, 40-41 (1st Cir. 2006) (holding that the alien bears the burden of proving that a conviction was not vacated solely for immigration reasons).  The United States Court of Appeals for the Seventh Circuit, the jurisdiction in which this case arises, has not ruled on which party bears the burden of proving why a conviction has been vacated in the context of a motion to reopen.

In this case, no evidence was ever submitted either before the Immigration Judge or the Board to establish why the respondent's conviction was vacated. At this late stage of the proceedings, we find that the burden of proving why the conviction was vacated is appropriately placed on the respondent as the party seeking reopening. *See INS v. Abudu*, 485 U.S. 94 (1988); *see also Matter of Coelho*, 20 I&N Dec. 464, 472-73 (BIA 1992) (holding that a party who seeks a remand or reopening of the proceedings bears a "'heavy burden'" of demonstrating that if his motion to reopen were granted, the new evidence would change the outcome of the case (quoting *INS v. Abudu*, *supra*, at 110)). In this regard, we note that the respondent was a direct party to the criminal proceeding leading to the vacation of his conviction and is therefore in the best position to know why the conviction was vacated and to offer evidence related to the record of conviction.[1] However, he failed to submit any relevant evidence, despite the multiple continuances granted by the Immigration Judge.

To the extent that the respondent relies on *Pickering v. Gonzales*, *supra*, we find that it is not binding on the present matter, as it is a decision of the Sixth Circuit. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989) (explaining that the Board historically follows a court's precedent in cases arising in that circuit). Moreover, unlike *Pickering v. Gonzales*, this case involves a motion to reopen rather than an appeal from a finding of removability. Therefore the allocation of the burden of proof is different and the situation is distinguishable.

Based on the foregoing, we conclude that an alien seeking to reopen proceedings to establish that his conviction has been vacated bears the burden of proving that the conviction was not vacated solely for immigration purposes. Because the respondent has presented no evidence to prove that his conviction was not vacated solely for immigration purposes, we find that he failed to meet his burden of showing that reopening of the proceedings is warranted. Accordingly, the respondent's motion will be denied.

**ORDER:** The motion is denied.

---

[1] We recognize that the respondent would be in a similar position in the context of determining his removability, but we express no opinion as to the proper result in such a case.