12-4517-cv
*Alzawahra v. Albany Medical Center*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of December, two thousand thirteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.
>                *Circuit Judges.*

─────────────────────────────────────────

WAEL F. ALZAWAHRA,

>        *Plaintiff-Appellant,*

>                v.                                        No. 12-4517

ALBANY MEDICAL CENTER, DAVID JOURD'HEUIL,
HAROLD A. SINGER,

>        *Defendants-Appellees.*

─────────────────────────────────────────

**FOR APPELLANT:**                          Wael F. Alzawahra, *pro se*, Albany, NY.


**FOR APPELLEES:**                          Nicholas John D'Ambrosio, Jr., Bond, Schoeneck & King, PLLC, Albany, NY.

Appeal from a November 1, 2012 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Wael F. Alzawahra, proceeding *pro se*, appeals from an entry of summary judgment in favor of appellees Albany Medical Center, David Jourd'heuil, and Harold A. Singer, dismissing Alzawahra's claims for employment discrimination, hostile work environment, and retaliation, brought pursuant to Title VII of the Civil Rights Act ("Title VII") and New York Executive Law §290. The claims stemmed from Alzawahra's employment as a researcher in defendants' cardiovascular labs. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine disputes of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the movant has satisfied this burden, the burden of production shifts to the non-movant to bring forth evidence showing that a genuine factual dispute exists. *See Matsushita*, 475 U.S. at 587. There must be more than "a scintilla of evidence" in support of the non-movant's position; there must be sufficient evidence from which a reasonable finder of fact could find in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Northern District of New York Local Rule 7.1(a)(3) requires that a non-movant "file a response to the [movant's] Statement of Material Facts" that admits or denies each of the assertions; if denying the facts, the response must "set forth a specific citation to the record where the factual issue arises." *Id.* The Rule also provides that any properly-supported fact set forth in the Statement of Material Facts that is not "specifically controvert[ed]," is "deem[ed] admitted." *Id.*

2

We have previously affirmed district court orders granting summary judgment where the opposing party failed to adhere to the requirements of this Rule. *See, e.g., N.Y. State Teamsters Conf. Pen. & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648 (2d Cir. 2005) (deeming the assertions in the Statement of Material Facts to be admitted where the non-movant supplied only conclusory denials in its response); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). Although a *pro se* litigant is entitled to a liberal construction of his filings, *see Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013), his *pro se* status does not relieve him of his obligation to comply with the relevant procedural rules, *see Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995).

Summary judgment may not be granted, however, solely because a non-movant failed to oppose the motion. *See Fabrikant v. French*, 691 F.3d 193, 215 n.18 (2d Cir. 2012); *Vt. Teddy Bear Co. v. 1-800Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). The district court must still determine whether the movant satisfied its burden of production: it must ensure that the evidence upon which the movant relies supports the facts asserted; confirm that the facts entitle the moving party to judgment as a matter of law; and set forth its reasoning for granting summary judgment. *See Vt. Teddy Bear*, 373 F.3d at 244; *see also Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (noting that granting summary judgment without verifying the supporting facts "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"); Fed. R. Civ. P. 56(a), (e)(3).

We have examined the record evidence and considered the factual allegations in Alzawahra's verified amended complaint, insofar as they are in the form of admissible evidence. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (holding that a verified complaint is treated as an affidavit for summary judgment purposes and "considered in determining whether material issues of fact exist"). Even drawing all permissible inferences in Alzawahra's favor, and recognizing that there may exist circumstances where a single racially harassing comment would rise to the level of a hostile work environment, we affirm, substantially for the reasons set forth in the District Court's comprehensive Decision & Order of November 1, 2012.

Insofar as Alzawahra invites us to rule on discovery disputes he raised for the first time in his opposition to summary judgment, we decline to do so. Pursuant to Federal Rule of Civil Procedure 56(f), the opponent of a summary judgment motion who seeks additional discovery must file an affidavit explaining (1) the information sought and how it is to be obtained; (2) how a genuine issue of material fact will be raised by that information; (3) what efforts the affiant has made to obtain the information; and (4) why those efforts were unsuccessful. *See Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989); *see also* Fed. R. Civ. P. 56(f). Alzawahra has not met these requirements.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4