In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 17-1579 & 17-2852

SARBJIT SINGH,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petitions for Review of an Order of the
Board of Immigration Appeals.
No. A075-456-846

ARGUED JANUARY 3, 2018 — DECIDED JULY 26, 2018

Before EASTERBROOK and SYKES, *Circuit Judges*, and REAGAN, *District Judge*.*

SYKES, *Circuit Judge*. Sarbjit Singh, an Indian citizen and lawful permanent resident, faces removal from the United

---

* Of the Southern District of Illinois, sitting by designation.

States for the second time.[1] He was first removed in 2006 based on a 2004 Indiana felony conviction for corrupt business influence. IND. CODE § 35-45-6-2. Singh reentered the country in 2010 to pursue postconviction relief in Indiana. Three weeks later a state judge vacated the conviction and accepted his guilty plea to the crime of deception (a misdemeanor) in its stead. *Id.* § 35-43-5-3. Singh thereafter asked the Board of Immigration Appeals to reopen and reconsider the removal order. The Board granted the motion and remanded the case to an immigration judge.

A second round of removal proceedings ensued. The government initially conceded that the deception offense did not support removal and sought Singh's removal on other grounds. It later changed course and issued a new charge alleging that Singh was removable based on the deception conviction, which it argued was "a crime involving moral turpitude … for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). Singh responded that the government's initial concession was binding and, regardless, deception is not a removable offense because it is not punishable by a sentence of "one year or longer."

The immigration judge entered a new removal order, reasoning that the government's concession was not binding because the Department of Homeland Security has express regulatory authority to lodge new or additional charges in removal proceedings "[a]t any time." *See* 8 C.F.R. §§ 1003.30, 1240.10(e). And because the deception offense carries a

---

[1] The petitioner's first name is spelled "Sarabjit" in recent filings before the agency and this court. We use "Sarbjit" to remain consistent with the Board's orders.

possible sentence of "not more than one (1) year," IND. CODE § 35-50-3-2, the judge held that it qualifies as a crime for which a sentence of "one year or longer may be imposed." The Board affirmed the removal order.

Meanwhile, Singh went back to state court and entered into an agreement with the prosecutor to vacate the deception conviction in exchange for a guilty plea to a misdemeanor offense of dealing in drug paraphernalia. The state judge accepted the deal, and Singh returned to the Board with a motion to reopen and reconsider the second removal order. Like before, he notified the Board that the state court had vacated the conviction that served as the predicate for his removal. This time the Board denied the motion. To warrant reopening, Singh had the burden to show that his conviction was vacated based on a substantive or procedural defect in the underlying criminal proceedings; a conviction vacated for other reasons—e.g., rehabilitation or immigration hardship—remains valid for immigration purposes. *See In re Chavez-Martinez*, 24 I. & N. Dec. 272, 274 (BIA 2007). The court record clearly showed that the vacatur was based on a plea agreement, *not* a substantive or procedural defect in the underlying conviction, so the Board held that Singh had not carried his burden.

Singh seeks review of both orders, arguing first that the Board abused its discretion in refusing to reopen his case based on the vacatur of the deception conviction. In the alternative he argues that deception does not carry a possible sentence of "one year or longer" and that the government's concession to that effect is binding. These arguments are meritless, so we deny both petitions for review.

## I. Background

Singh entered the United States in 1993 and was immediately placed in exclusion proceedings. He applied for asylum and withholding of removal, claiming that he faced persecution on account of his religion. An immigration judge denied the applications and on December 1, 1995, issued an exclusion order. Singh appealed to the Board of Immigration Appeals, but before the Board ruled, he married a U.S. citizen and filed for an adjustment of status and waiver of inadmissibility. On July 21, 2000, the Immigration and Naturalization Service approved the petitions and granted Singh permanent residency.

Three years later Singh was arrested in Indiana and charged with corrupt business influence, fraud, deception, dealing in drug paraphernalia, and maintaining a common nuisance. In 2004 he pleaded guilty to corrupt business influence, a Class C felony under Indiana law, § 35-45-6-2, and the other charges were dropped.

The Department of Homeland Security issued a Notice to Appear charging Singh with four grounds of removability. An immigration judge found him removable on two of those grounds: (1) he was convicted of an aggravated felony related to racketeering, 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) within five years of admission, he was convicted of a crime involving moral turpitude with a possible sentence of one year or longer, § 1227(a)(2)(A)(i). The Board affirmed, and Singh was removed on September 21, 2006.

On June 27, 2010, Singh was readmitted on a visitor visa and a nonimmigrant waiver of inadmissibility so he could pursue postconviction relief in Indiana state court. The

Elkhart Superior Court agreed to vacate his felony conviction for corrupt business influence. In its place the judge accepted Singh's guilty plea to the crime of deception, a misdemeanor punishable by imprisonment "for a fixed term of not more than one (1) year." § 35-50-3-2. Because Singh's removal order was predicated on a now vacated conviction, he moved the Board to reopen and reconsider his case. The Board granted the motion and remanded the case to the immigration court.

An immigration judge presided over three years of renewed proceedings as Singh attempted to regain his status as a lawful permanent resident. At a hearing in March 2014, the government lodged new charges of removability alleging that Singh had fraudulently procured readmission, 8 U.S.C. § 1227(a)(1)(A), and overstayed his nonimmigrant visa, *id.* § 1227(a)(1)(B). The government also withdrew the previous charge of removability stemming from Singh's conviction for corrupt business influence. In doing so the government erroneously conceded that the moral-turpitude provision no longer applied because the substituted conviction for deception was not a crime punishable by a sentence "for one year or longer." § 1227(a)(2)(A)(i).

Nearly a year later, the government changed its position and issued a new charge of removability based on the deception conviction. Additional rounds of briefing and hearings followed. On November 24, 2015, the immigration judge found Singh removable under the moral-turpitude provision based on the deception conviction.

Singh appealed to the Board, arguing that (1) the government's concession regarding the deception offense should be treated as a binding admission, and (2) deception is not a

crime for which a sentence of "one year or longer" may be imposed. The Board rejected these arguments and affirmed. First, the Board explained that the government's mistaken concession was not binding because the Department of Homeland Security has regulatory authority to lodge new or additional charges in removal proceedings "[a]t any time." 8 C.F.R. §§ 1003.30, 1240.10(e). Second, the Board held that because the Indiana deception offense is punishable by a term of "not more than one (1) year," § 35-50-3-2, it qualifies as a crime for which a sentence of "one year or longer" may be imposed. The Board entered this new final order on February 17, 2017.

Before the Board issued its ruling, however, Singh returned to state court and negotiated an agreement with the prosecutor to vacate the deception conviction in exchange for a guilty plea to a different misdemeanor charge. The judge approved the deal, vacated the conviction "[b]y agreement of the parties," and accepted Singh's guilty plea to dealing in drug paraphernalia. IND. CODE § 35-48-4-8.5. Singh waited until March 17—a month *after* the Board issued its final decision—to notify the Board of this development. He then moved a second time to reopen and reconsider his case, arguing that the now-vacated deception conviction could no longer serve as the basis for his removal.

This second effort to reopen the case was unsuccessful. Under Board precedent, an alien seeking to reopen a final order of removal on the basis of a vacated conviction must prove that the conviction was vacated because of a substantive or procedural defect. *See Chavez-Martinez*, 24 I. & N. Dec. at 274. The records Singh submitted with his motion showed that the state court vacated the conviction "by agreement of

the parties," *not* because of a defect in the underlying conviction. As such, the Board held that Singh did not carry his burden under *Chavez-Martinez* and declined to reopen the case.

## II. Discussion

Singh seeks review of both the final order of removal and the denial of his motion to reopen. Our review of the latter is deferential. Relief is warranted only if the Board abused its discretion—that is, if its decision to deny the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Victor v. Holder*, 616 F.3d 705, 708 (7th Cir. 2010) (internal quotation marks omitted). Singh's challenge to the removal order raises two legal questions, so our review is de novo. *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011).

### A. Motion to Reopen

An alien who seeks to reopen a final order of removal has the "heavy burden" to establish the existence of new or previously unavailable evidence that would likely alter the result. *INS v. Abudu*, 485 U.S. 94, 110 (1988). Singh argues that he presented such evidence—namely, court filings showing that his conviction for deception, which formed the basis of the second removal order, was vacated after the Board's decision.

It's not enough, however, for Singh to show that the conviction was vacated. He must also show *why* it was vacated. If the state court vacated Singh's conviction "solely on the basis of immigration hardships or rehabilitation, rather than

on the basis of a substantive or procedural defect in the underlying criminal proceedings, the conviction … will continue to serve as a valid factual predicate for a charge of removability despite its vacatur." *Chavez-Martinez*, 24 I. & N. Dec. at 273; *see also In re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003), *rev'd on other grounds*, 465 F.3d 263 (6th Cir. 2006) ("If … a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the [alien] remains 'convicted' for immigration purposes."). The Board has held that the alien—not the government—has the burden to show that the conviction was vacated based on an underlying substantive or procedural defect and not for immigration or other purposes. *Chavez-Martinez*, 24 I. & N. Dec. at 274.

We have not yet addressed *Chavez-Martinez*'s allocation of the burden on a motion to reopen based on a vacated conviction. But Singh did not challenge the burden of proof before the Board and did not even cite *Chavez-Martinez* in his brief in this court. As the government notes, his failure to present the issue to either the Board or us means that any challenge to *Chavez-Martinez* is both unexhausted and waived. *Chavarria-Reyes v. Lynch*, 845 F.3d 275, 279 (7th Cir. 2016) (explaining exhaustion); *Haichun Liu v. Holder*, 692 F.3d 848, 851 (7th Cir. 2012) (explaining waiver). Given these procedural impediments, this is not a proper case for us to weigh in.[2]

---

[2] There is a circuit split on the question of who bears the burden to show the reason for the vacatur. *Compare Rumierz v. Gonzales*, 456 F.3d 31, 37–39 (1st Cir. 2006) (requiring the alien seeking reopening to show why his conviction was vacated), *with Nath v. Gonzales*, 467 F.3d 1185, 1188–89 (9th Cir. 2006) (reaching the opposite conclusion).

Singh argues instead that he presented enough evidence to warrant reopening his case. He submitted the following documents to the Board: (1) the Indiana court order vacating his deception conviction; (2) various court filings and orders related to his new drug-paraphernalia conviction; and (3) a copy of the Indiana Rules of Post-Conviction Remedies. The court record plainly shows that Singh's deception conviction was vacated. Singh relies on the Indiana Rules for the proposition that an application for postconviction relief must be based on the merits of the underlying conviction.

But the deception conviction wasn't vacated as a result of a postconviction motion. Rather, the court record establishes that the conviction was vacated as a result of a plea agreement between Singh and the state prosecutor. More specifically, on October 24, 2016, Singh and the prosecutor entered into a written agreement asking the court to vacate the deception conviction and accept Singh's guilty plea to the drug-paraphernalia charge in its place. The judge approved the plea deal the same day, vacating the deception conviction "by agreement of the parties" and accepting Singh's guilty plea to the paraphernalia offense. On this record it's no wonder the Board held that Singh had not met his burden under *Chavez-Martinez*. No evidence shows that the vacatur was based on a substantive or procedural defect in the conviction. The Board did not abuse its discretion in denying Singh's motion to reopen.

## B. Removal Order

The Board classified the Indiana misdemeanor offense of deception as "a crime involving moral turpitude … for which a sentence of one year or longer may be imposed," a predicate for removal. § 1227(a)(2)(A)(i). Singh concedes that

deception is a crime involving moral turpitude. He disputes only the Board's conclusion that it is a crime "for which a sentence of one year or longer may be imposed."

The statutory phrase "one year or longer" plainly encompasses *either* a sentence of one year *or* a sentence of longer than one year. *See Dominguez-Herrera v. Sessions*, 850 F.3d 411, 419 (8th Cir. 2017) (holding that a sentence that "shall not exceed one year" is a sentence that falls within the meaning of the phrase "one year or more"); *Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (holding that a sentence "not exceeding one year" is a sentence that likewise falls within the meaning of the phrase "one year or longer"). Indiana's deception offense is punishable by a sentence of "not more than one (1) year," § 35-50-3-2, so the crime falls squarely within the statutory language.

Singh responds that the phrase "one year or longer" is ambiguous. For support he relies on two unpublished decisions of the Board interpreting the phrase in different ways. *See In re Adeyinka*, 2011 WL 1792662, at *2 (BIA Apr. 15, 2011) (holding that *only* a sentence of "longer than 1 year" qualifies as "one year or longer"); *In re Chavez-Gonzalez*, 2010 Immig. Rptr. LEXIS 4234, at *3 (BIA Aug. 30, 2010) (holding that a potential sentence of one year qualifies as "one year or longer"). He also traces the legislative history of the moral-turpitude provision, arguing that Congress intended it to include only felony crimes. Based on these supposed ambiguities, Singh asks us to apply the Rule of Lenity. *See, e.g.*, *Leocal v. Ashcroft*, 543 U.S. 1, 11 n.8 (2004).

Ambiguity cannot be created where none exists. Statutory words and phrases are given their ordinary meaning, *see Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227 (2014), and when

the meaning of the statutory text is clear, we do not "[v]entur[e] into legislative history," *In re Bronk*, 775 F.3d 871, 876 (7th Cir. 2015). Moreover, two thinly reasoned, unpublished Board decisions cannot obfuscate this clear statutory text.

Singh's backup argument is that the government is bound by its initial concession that deception does not carry a sentence of "one year or longer." He analogizes this to a tactical concession by an immigration attorney on behalf of his client. *See, e.g.*, *Selimi v. INS*, 312 F.3d 854, 860 (7th Cir. 2002); *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986). The analogy is inapt. The Department of Homeland Security has express regulatory authority to lodge new or additional charges or factual allegations "[a]t any time" during removal proceedings. *See* 8 C.F.R. §§ 1003.30, 1240.10(e). Here the government did exactly what the regulation allows: it added new factual allegations and a new charge of removability while Singh's proceedings were ongoing.

Singh also relies on *Gordon v. INS*, 36 F.3d 249 (2d Cir. 1994), and *Rarogal v. INS*, 42 F.3d 570 (9th Cir. 1994), but neither case advances his argument. In *Gordon* the court required the government to adhere to its agreement not to deport an alien until after a related case was decided. 36 F.3d at 251. In *Rarogal* the court determined that the immigration judge had abused his discretion when he ordered the removal of an alien when the government had conceded that he was entitled to relief. 42 F.3d at 572–73. Importantly, the government did not change its position, lodge new charges, or otherwise argue for removal after making the concession. These cases do not restrict the government's broad regulato-

ry authority to file new or additional charges in removal proceedings.

Finally, Singh maintains that the government's authority to file new charges in removal proceedings is not so broad as to allow it "to lodge the exact same charges or allegations repeatedly." He emphasizes what he sees as the inequity of allowing the government to file a new charge against him years after his case was reopened. We see no unfairness here. First, the regulation places no limitation on the government's authority to lodge previously withdrawn charges. And the government's use of its charging authority did not produce any case-specific unfairness. Singh was not prejudiced by the delay; to the contrary, in accordance with 8 C.F.R. § 1240.10(e), the immigration judge gave him a reasonable continuance to respond to the newly alleged ground of removability. The legal issue was fully and fairly aired and correctly decided.

The petitions for review therefore are

DENIED.