# Matter of Mogtabi Hassan AZRAG, Respondent

*Decided February 23, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where a State court order granting a respondent's motion to vacate a conviction does not indicate the reason for the vacatur, and there is no other basis in the record to independently establish the reason, the respondent has not satisfied his burden to show that the court vacated his conviction because of a substantive or procedural defect in his criminal proceedings.

FOR THE RESPONDENT: William M. Sharma-Crawford, Esquire, Kansas City, Missouri

BEFORE: Board Panel: HUNSUCKER, PETTY, and CLARK, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

An Immigration Judge found the respondent removable based on his convictions for two theft offenses and denied all relief from removal. We dismissed his appeal. The respondent then timely moved to reopen and terminate his removal proceedings because a State court vacated those convictions and permitted him to enter a guilty plea to a different charge. Because the respondent has not established that the State court vacated his original convictions because of a procedural or substantive defect in the underlying criminal proceedings, the motion will be denied.

## I. BACKGROUND

The respondent, a native and citizen of Sudan, was admitted to the United States on November 17, 2015, and subsequently became a lawful permanent resident. On November 5, 2020, the respondent was convicted of two counts of theft under section 21-5801 of the Kansas Statutes Annotated and sentenced to 12 months' imprisonment for each offense. Based on those convictions, the Department of Homeland Security charged the respondent with removability under sections 237(a)(2)(A)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(i), (iii) (2018), as a noncitizen convicted of a crime involving moral turpitude within 5 years after admission and an aggravated felony theft offense as defined by

section 101(a)(43)(G) of the INA, 8 U.S.C. § 1101(a)(43)(G) (2018), respectively. The Immigration Judge found the respondent removable as charged and denied his applications for relief. The respondent appealed the denial of relief but did not challenge the Immigration Judge's removability finding. We dismissed the respondent's appeal in February 2023.

While the respondent's appeal was pending, he sought post-conviction relief before a Kansas State court by filing a motion to withdraw his guilty pleas to the theft charges. The motion alleged that the respondent "was not competently advised by counsel of the nature of the plea agreement, its terms, the resulting convictions, or its potential collateral consequences." The motion further stated that after discussion between the respondent's new criminal defense attorney and the prosecutor, "the State and the defense agreed he should be permitted to withdraw his plea . . . ." The motion was not accompanied by any evidence to support the allegation that the respondent's prior criminal defense counsel failed to competently advise the respondent.

Five days later the State court issued an order granting the respondent's motion to withdraw his guilty pleas and vacating his theft convictions. Other than "[h]aving reviewed the file, noting the agreement of the parties, and [having been] duly advised," the State court did not provide any factual or legal basis for its order and did not identify any specific provision of law under which the order was issued. The respondent concurrently entered into a new plea agreement, in which he pleaded guilty to a single amended theft charge, with an agreed sentence of probation and 25 hours' community service.

The respondent filed a timely motion to reopen his removal proceedings. *See* INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i) (2018). He contends that his removal proceedings should be reopened and terminated because the convictions rendering him removable from the United States have been vacated and his new conviction is neither within 5 years of his admission, as required for removability under section 237(a)(2)(A)(i) of the INA, 8 U.S.C. § 1227(a)(2)(A)(i), nor was the term of imprisonment at least 1 year, as required for removability under sections 237(a)(2)(A)(iii) and 101(a)(43)(G) of the INA, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(G). The respondent maintains that the plea was vacated because of a defect in the underlying criminal proceedings, specifically, a violation of his constitutional right to effective assistance of counsel.

## II. DISCUSSION

State court orders that vacate, modify, or otherwise alter a noncitizen's criminal conviction or sentence have "legal effect for immigration purposes

when based on a procedural or substantive defect in the underlying criminal proceeding, but not when the change was based on reasons unrelated to the merits, such as the alien's rehabilitation or an interest in avoiding an immigration consequence." *Matter of Thomas and Thompson*, 27 I&N Dec. 674, 675 (A.G. 2019); *see also Andrade-Zamora v. Lynch*, 814 F.3d 945, 948 (8th Cir. 2016) ("If a court vacates an alien's criminal conviction for a reason unrelated to the merits of the case—such as to avoid immigration consequences or for rehabilitative reasons—rather than to correct a procedural or substantive defect, the conviction will still stand for immigration purposes despite its vacatur." (citing *Matter of Pickering*, 23 I&N Dec. 621, 624 (BIA 2003), *rev'd on other grounds, Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006))). A respondent seeking reopening after the entry of a final administrative order of removal based on the vacatur of a conviction bears the burden to prove the conviction was vacated for a procedural or substantive reason. *Matter of Chavez*, 24 I&N Dec. 272, 274 (BIA 2007);[1] *see also Njie v. Lynch*, 808 F.3d 380, 384 (8th Cir. 2015) ("Motions to reopen are disfavored in removal proceedings . . . . [and] the movant bears a heavy burden to establish that proceedings should be reopened.").

Under our case law, reopening is warranted only if the conviction was legally unsound in the jurisdiction where it was entered at the time it was entered—put differently, where there was a "procedural or substantive defect" relating to the "merits" of the conviction. *Matter of Pickering*, 23 I&N Dec. at 624. In determining whether a conviction was vacated based on a procedural or substantive defect, we consider the law under which the court issued its order, "the terms of the order itself, [and] the reasons presented by the respondent in requesting that the court vacate the conviction." *Id.* at 625.

The respondent has not met his burden to show that his 2020 theft convictions were vacated because of a procedural or substantive defect in his underlying criminal proceeding. The State court hearing the respondent's post-conviction motion did not find that the respondent's prior attorney had provided ineffective assistance of counsel and did not adopt or, indeed, even refer to the respondent's allegations. Additionally, the State court did not specify the law under which it issued its order vacating the convictions. Unlike *Matter of Dingus*, 28 I&N Dec. 529, 537 n.14 (BIA 2022), where reasons on the face of the order and citation to the relevant statutory authority were sufficient to establish the State court's rationale, here the court's order

---

[1] In *Matter of Chavez*, we noted a split of authority on the question of which party bears the burden of proof in the context of a motion to reopen. 24 I&N Dec. at 273 (citing *Nath v. Gonzales*, 467 F.3d 1185 (9th Cir. 2006), and *Rumierz v. Gonzales*, 456 F.3d 31 (1st Cir. 2006)). In this case we address only whether the evidence presented satisfies that burden.

provides no substantive explanation and cites no statutory authority. We therefore must look beyond the four corners of the order. *See Matter of Pickering*, 23 I&N Dec. at 625.

We have explained that where the reasons for a vacatur are not clear on the face of the order, extrinsic evidence should be provided and considered, and may be sufficient to establish the vacatur was premised on a procedural or substantive defect in the criminal proceedings. *See Matter of Dingus*, 28 I&N Dec. at 536, 537 n.14 (explaining that the party who bears the burden of proof should provide documentary support relating to the reasons for a modified or amended order). Here, however, the respondent's post-conviction motion merely alleged, without additional evidentiary support, that he received ineffective assistance of counsel. Just as statements of counsel are not evidence of what happened to a respondent in the past, *Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 673 (BIA 2022), they likewise cannot substitute for evidence of deficient performance by an attorney, findings of fact regarding an attorney's conduct, or conclusions of law regarding the violation of a defendant's constitutional rights.

In this case, the State court made no findings of fact and rendered no conclusions of law. Instead, the order simply recited that the court had "reviewed the file, not[ed] the agreement of the parties, and [had been] duly advised." Although the respondent may have sought post-conviction relief based on a claim that the underlying proceeding was defective, his "motive is relevant only to the extent that the [State] court relied upon it in quashing the conviction." *Pickering*, 465 F.3d at 267. Where a State court order granting a respondent's motion to vacate a conviction does not indicate the reason for the vacatur, and there is no other basis in the record to independently establish the reason, the respondent has not satisfied his burden to show that the court vacated his conviction because of a substantive or procedural defect in his criminal proceedings. The bare fact that the State court granted the respondent's motion does not establish the State court's reason for doing so. Because the respondent has not demonstrated that the convictions underlying his removability were vacated because of a procedural or substantive defect in his criminal proceedings, we will deny his motion to reopen and terminate.

**ORDER:** The motion is denied.