**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1724**

_____

OSCAR RENE PERDOMO ULLOA,

        Petitioner,

v.

PAMELA JO BONDI, Attorney General,

        Respondent,

------------------------------

HARVARD LAW SCHOOL CRIMMIGRATION CLINIC,

        Amicus Supporting Petitioner.

_____

**No. 24-1132**

_____

OSCAR RENE PERDOMO ULLOA,

        Petitioner,

v.

PAMELA JO BONDI, Attorney General,

        Respondent,

------------------------------

HARVARD LAW SCHOOL CRIMMIGRATION CLINIC,

Amicus Supporting Petitioner.

_____

On Petitions for Review of Orders of the Board of Immigration Appeals.

_____

Argued: January 30, 2026                    Decided: March 25, 2026

_____

Before WILKINSON, GREGORY, and QUATTLEBAUM, Circuit Judges.

_____

Petitions for review denied by published opinion. Judge Wilkinson wrote the opinion, in which Judge Gregory and Judge Quattlebaum joined.

_____

**ARGUED:** Benjamin Ross Winograd, IMMIGRANT & REFUGEE APPELLATE CENTER, LLC, Alexandria, Virginia, for Petitioner. Tim Ramnitz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Brian Boynton, Principal Deputy Assistant Attorney General, Shelley R. Goad, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Philip L. Torrey, Felicia Caten-Raines, Supervised Law Student, Brendon J. Camp, Supervised Law Student, Crimmigation Clinic, HARVARD LAW SCHOOL, Cambridge, Massachusetts, for Amicus Curiae.

2

WILKINSON, Circuit Judge:

This case presents a straightforward question of statutory interpretation: is an offense that carries a maximum sentence of twelve months "a crime for which a sentence of one year or longer may be imposed" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(i)? We conclude that it is. A twelve-month sentence lasts for one year, so it is "a sentence of one year or longer." Oscar Rene Perdomo Ulloa's misdemeanor conviction thus renders him ineligible for cancellation of removal under federal immigration law.

I.

Perdomo Ulloa is a citizen of Honduras who entered the United States without authorization in 2000. In 2012, he was convicted of a Class 1 misdemeanor in Virginia for using another person's identity to "[o]btain money, credit, loans, goods, or services" with an "intent to defraud." Va. Code § 18.2-186.3(A)(2). Class 1 misdemeanors are punishable by "confinement in jail for not more than twelve months." *Id.* § 18.2-11(a). Perdomo Ulloa received a suspended sentence of 30 days in jail.

The Department of Homeland Security then initiated removal proceedings against Perdomo Ulloa. He conceded that he was subject to removal but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Immigration Judge concluded that Perdomo Ulloa was ineligible for cancellation of removal due to his criminal conviction. Relevant here, cancellation of removal is unavailable to aliens who have been "convicted of a crime involving moral turpitude" and "convicted of a crime for which a sentence of one year or longer may be imposed." *Id.* §§ 1227(a)(2)(A)(i), 1229b(b)(1)(C).

3

The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's decision. Shortly thereafter, Perdomo Ulloa asked the BIA to reconsider its decision in light of *Belcher v. Commonwealth*, 878 S.E.2d 19 (Va. Ct. App. 2022). The BIA denied his motion for reconsideration, concluding that *Belcher* was inapplicable.

Perdomo Ulloa filed two petitions for review with this court. The first sought review of the BIA's decision to affirm the Immigration Judge. The second sought review of the BIA's decision to deny his motion for reconsideration. Both petitions are now before us.

II.

The only questions presented by Perdomo Ulloa's petitions are whether a Class 1 misdemeanor violation of Virginia Code § 18.2-186.3(A)(2) is "a crime involving moral turpitude" and whether it is "a crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i). Both are questions of law we review de novo. *Salazar v. Garland*, 56 F.4th 374, 377 (4th Cir. 2023).

Perdomo Ulloa conceded the answer to the first question at oral argument by acknowledging that a violation of § 18.2-186.3(A)(2) is categorically a crime involving moral turpitude. Oral Arg. at 0:10. Indeed, that is what we held in *Salazar*, 56 F.4th at 380, and we reaffirm as much today.

Perdomo Ulloa's challenge now involves only the second question, which asks whether his crime is one "for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II). As other circuit courts have recognized, a crime falls within the scope of this statutory provision if it carries a possible sentence of one year *or* if it carries a possible sentence exceeding one year. *Singh v. Sessions*, 898 F.3d 720, 725 (7th

4

Cir. 2018); *Dominguez-Herrera v. Sessions*, 850 F.3d 411, 419 (8th Cir. 2017); *Ceron v. Holder*, 747 F.3d 773, 777 (9th Cir. 2014) (en banc).

This standard is plainly met here. Perdomo Ulloa was convicted of a Class 1 misdemeanor. *See* Va. Code § 18.2-186.3(D). Class 1 misdemeanors carry a possible sentence of twelve months in jail, so they are crimes "for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(i)(II).

Perdomo Ulloa raises three arguments for why a twelve-month sentence is not "a sentence of one year or longer" under § 1227(a)(2)(A)(i)(II). None are persuasive.

First, he argues that a twelve-month sentence is distinct from a one-year sentence in Virginia. The former is a punishment for misdemeanor offenses, the latter for felony offenses. *Compare* Va. Code § 18.2-11, *with id.* § 18.2-10. This distinction carries various repercussions. A person serving a misdemeanor sentence is confined in a local jail rather than a prison facility, has a greater ability to earn early-release credits, and usually has more time to get his sentence suspended or modified by the trial court. *Belcher*, 878 S.E.2d at 31. For these reasons, the Court of Appeals of Virginia explained in *Belcher* that, "when it comes to criminal sentencings in Virginia, twelve months is not simply another way of expressing one year, and the phrases do not mean the same thing." *Id.*

While misdemeanor sentences and felony sentences are treated differently in Virginia, those differences are irrelevant for purposes of federal immigration law. Congress could have chosen to target felonies when it drafted § 1227(a)(2)(A)(i)(II), but it focused instead on crimes punishable by "a sentence of one year or longer." That means it is the length of the sentence that matters, not how the crime is classified under state law. And

5

notably absent from *Belcher* is any suggestion that a twelve-month sentence is somehow shorter than a one-year sentence. Indeed, the court acknowledged that "'[m]onth' means a calendar month and 'year' means a calendar year." *Id.* at 31 n.10 (quoting Va. Code § 1-223). Because there is no temporal difference between twelve calendar months and one calendar year, a sentence of twelve months in Virginia remains "a sentence of one year or longer" within the meaning of § 1227(a)(2)(A)(i)(II).

Second, Perdomo Ulloa argues that "one year *or* longer" really means "one year *and* longer." That is, a crime only falls within the scope of the statutory provision if it carries a possible sentence of one year *and* carries a possible sentence exceeding one year. Because Perdomo Ulloa's offense could not have led to a sentence exceeding one year, he says it falls outside the scope of § 1227(a)(2)(A)(i)(II).

We disagree. Although the meaning of "or" will depend on the context in which it is used, "its ordinary use is almost always disjunctive." *United States v. Woods*, 571 U.S. 31, 45 (2013). That is its function here. The word establishes two different ways for a crime to fall within the scope of the statute: if it carries a possible sentence of one year *or* if it carries a possible sentence exceeding one year. The alternative construction advanced by Perdomo Ulloa is less faithful to the text and would result in bizarre outcomes. Consider criminal offenses that carry a mandatory minimum sentence exceeding one year. Under Perdomo Ulloa's interpretation, the fact that these crimes are too serious to warrant a one-year sentence means they fall outside the scope of the provision. We see no reason to give the clause such an absurd construction.

6

Third, Perdomo Ulloa argues that the phrase "one year or longer" actually means "more than one year." As he explains it, "a crime for which a sentence of one year or longer may be imposed" is a term of art that means felony, and crimes are generally classified as felonies if they are punishable by more than one year. *See, e.g.*, 18 U.S.C. § 3559(a). To support his position, Perdomo Ulloa cites legislative history indicating that Congress intended for § 1227(a)(2)(A)(i)(II) to apply to felonies.

As we explained in *Ortega-Cordova v. Garland*, 107 F.4th 407 (4th Cir. 2024), this argument "flouts the clear and unambiguous language of § 1227(a)(2)(A)(i)." *Id.* at 414. There is simply no textual basis for reading "one year or longer" to mean "more than one year." Legislative history cannot impart a meaning that the words themselves will not bear. Congress knows how to refer to crimes punishable by more than one year when it wants to. *See, e.g.*, 8 U.S.C. § 1182(a)(2)(A)(ii)(II); 18 U.S.C. §§ 922(g)(1), 3559(a)(5). It did not do so here. There is no better evidence of congressional intent than the statutory text. The law means what it says.

### III.

Finding no fault with the BIA's decisions, we deny the petitions for review.

*PETITIONS DENIED*

7