In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2828

RAUL PLAZA-RAMIREZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A087-947-839.

ARGUED OCTOBER 3, 2018 — DECIDED NOVEMBER 7, 2018

Before MANION, HAMILTON, and BRENNAN, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Raul Plaza-Ramirez is a citizen of Mexico. He petitions for judicial review of a Board of Immigration Appeals order denying his application for withholding of removal based on a threat of persecution if he were to return to Mexico. The immigration judge denied relief, finding no nexus between Plaza-Ramirez's membership in a "particular social group" and the persecution he described. The

Board affirmed. We deny the petition because substantial evidence supports the judge's and the Board's decisions.

I. *Factual and Procedural Background*

In the summer of 2001, Raul Plaza-Ramirez entered the United States from Mexico without inspection or admission. He lived and worked in Naperville, Illinois for nearly a decade. In 2010, he was traveling in upstate New York and was apprehended by Border Patrol agents. The government began the process of removing him from the United States. He conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

Plaza-Ramirez based his persecution claim on an attack he suffered in 1999. He was at a dance club in his home town in central Mexico when he was followed into the restroom by members of a gang called Los Negros. Mistakenly thinking he was affiliated with his cousin's rival gang, they viciously beat him with a metal pipe. Afterwards, they threatened him several times, but they did not physically attack him again. He fled the country nine months later. Afraid of retaliation, he never filed any police reports.

To support his claim for withholding of removal, Plaza-Ramirez argued that he was targeted because he is a member of a particular social group: his own family. Essentially, he contends Los Negros attacked him solely because he is kin to his gang-affiliated cousin. In general, to qualify as a refugee under United States law, a person must be unable or unwilling to return to his own country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Plaza-Ramirez argued that returning to Mexico continued to be dangerous for him. He asserted that his girlfriend's sister was kidnapped for ransom in his home town in 2010 by a member of Los Negros. (Police rescued her before she was physically injured.)

The immigration judge denied relief. The asylum claim was untimely because Plaza-Ramirez did not apply until over a decade after his first year of entry. See 8 U.S.C. § 1158(a)(2)(B). The judge rejected the withholding claim as well, ruling that Plaza-Ramirez had failed to show that the 1999 attack occurred because of his family membership, and that regardless, the attack did not rise to the level of persecution. The judge also denied protection under the Convention Against Torture without additional discussion.

Plaza-Ramirez appealed to the Board of Immigration Appeals on the sole basis of withholding; he conceded that his asylum claim was time-barred, and he made no argument supporting his Convention Against Torture claim. The Board upheld the judge's ruling, finding that Plaza-Ramirez had failed to show sufficient persecution and failed to show any nexus between the 1999 attack and his membership in a particular social group. [1]

---

[1] In explaining its finding that the gang's attack on Plaza-Ramirez with a metal pipe and later threats did not amount to "persecution" under immigration law, the Board has again conflated its standard of review with ours. Drawing the line for persecution is difficult, requiring the Board and courts to distinguish "between the nasty and the barbaric," as we put it in *Stanojkova v. Holder*, 645 F.3d 943, 948 (7th Cir. 2011) (criticizing Board for having abandoned to courts the responsibility for drawing the line). We appreciate the Board's focus on applicable circuit law, but when deciding *in the first instance* whether persecution has occurred, the Board

II. *Discussion*

Where the Board affirms the immigration judge's decision, adopts its reasoning, and supplements with its own, we review both decisions. *Halim v. Holder*, 755 F.3d 506, 511 (7th Cir. 2014). We review legal determinations *de novo* and findings of fact for substantial evidence. *Orellana-Arias v. Sessions*, 865 F.3d 476, 484 (7th Cir. 2017).

Plaza-Ramirez seeks review of the Board's rejection of his claim for withholding of removal. To be eligible for withholding of removal, he needed to show (1) membership in a particular social group and (2) a connection between that group and the persecution alleged. 8 C.F.R. § 1208.16; *Tsegmed v. Sessions*, 859 F.3d 480, 484 (7th Cir. 2017). A person's family can qualify as a "particular social group" for purposes of asylum and withholding of removal. *W.G.A. v. Sessions*, 900 F.3d 957, 965 (7th Cir. 2018) (remanding denial of asylum for persecution on account of family membership). Both the immigration

---

must exercise its own independent judgment. We explained the problem in *Sirbu v. Holder*, 718 F.3d 655, 658 (7th Cir. 2013), and in *Sobaleva v. Holder*, 760 F.3d 592, 596–97 (7th Cir. 2014), as well as in *Stanojkova*. Court of Appeals decisions affirming the Board's findings of no persecution are not necessarily reliable or even sufficient guides for the Board's exercise of its own expertise. When we review a finding of no persecution, our standard of review is highly deferential. We may reverse such a finding only when the record *compels* a finding of persecution. *Sirbu*, 718 F.3d at 659. If the Board treats our deferential review of its decisions as setting the substantive standard, its logic becomes circular and tends to work as a one-way upward ratchet for the standard. We are supposed to defer to the Board because the Board is supposed to use its expertise. If the Board instead defers to our deferential precedents, that expertise is lost, and remand may be needed under the logic of *Sirbu* and *Sobaleva*. In this case, however, we must affirm the Board's denial of relief on other grounds.

judge and the Board denied relief on the second requirement, however. Plaza-Ramirez did not convince them that the gang attacked him in 1999 *because* of his membership in any particular social group.

Substantial evidence supports the immigration judge's conclusion that no nexus existed between the attack and Plaza-Ramirez's family membership. Plaza-Ramirez admitted that there were no threats against any of his other family members. He also admitted he was attacked because he was mistakenly associated with a rival gang. The absence of evidence of threats to or attacks on other family members distinguishes this case from cases like *W.G.A.*, where the petitioner offered extensive evidence of the gang's threats to other family members and otherwise linked the gang's persecution to his family. 900 F.3d at 966. In this case, the immigration judge also found that the 2010 kidnapping of Plaza-Ramirez's girlfriend's sister related only to the general violence in Mexico. Under United States statutes for asylum and withholding of removal, generalized violence simply does not justify relief. See *Lozano–Zuniga v. Lynch*, 832 F.3d 822, 828 (7th Cir. 2016).

Plaza-Ramirez also appeals his asylum and Convention Against Torture claims, but he waived these arguments by failing to raise them before the Board. *Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009). He explicitly conceded to the Board that his asylum claim was time-barred and that he was not asserting any statutory exceptions. He made no argument to the Board supporting his CAT claim.

Before this court, Plaza-Ramirez also raises for the first time a due process claim. He argues that the immigration judge showed bias by asking most of the questions at the hearing and by "saying he was going to treat the case as a

withholding of removal only case." Plaza-Ramirez waived this claim, as well, by not raising it first before the Board. In any event, it has no merit. The record makes clear that the judge considered Plaza-Ramirez's other arguments. The fact that a busy and experienced judge asked questions to focus the hearing on the issues he thought were most critical does not show bias.

Finally, Plaza-Ramirez moves for remand to the Board because he believes the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), made him eligible for cancellation of removal. Remand on that basis is neither appropriate nor necessary here. Cancellation is a new claim not before this court on this record. The proper first step would be to seek administrative relief by moving to reopen proceedings with the Board. See 8 U.S.C. § 1229a(c)(7). Plaza-Ramirez has already done so. He must await the Board's decision.

The petition for review is DENIED. The motion to remand is also DENIED.