In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 18-2290 & 18-3298

JIRI VYLOHA,

*Petitioner*,

*v.*

WILLIAM P. BARR,
Attorney General of the United States,

*Respondent*.

Petitions for Review of Orders of the
Board of Immigration Appeals.
No. A099-025-839

ARGUED APRIL 4, 2019 — DECIDED JULY 10, 2019

Before RIPPLE, HAMILTON, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Jiri Vyloha, a citizen of the Czech Republic, brings two petitions for judicial review in this consolidated appeal. About ten years after an Immigration Judge (IJ) ordered Vyloha removed *in absentia* in 2007, Vyloha moved to rescind the order and reopen his case. *See* 8 U.S.C. § 1229a(b)(5)(C). An IJ denied that motion and the subsequent motion to reconsider, and we conclude that the

Board of Immigration Appeals did not abuse its discretion in affirming the IJ. We thus deny Vyloha's first petition for review.

Vyloha also seeks judicial review of the Board's decision rejecting his subject-matter jurisdiction argument based on the Supreme Court's June 2018 decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Because Vyloha's argument is foreclosed by our recent decision in *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), we also deny his second petition for review.[1]

I

Vyloha entered the United States in 1998 as a non-immigrant visitor and overstayed his visa. The United States Department of Homeland Security (DHS) was alerted to Vyloha's presence in the United States in June 2006 after he was convicted of driving under the influence in Illinois. In August 2006, DHS served Vyloha in person with a Notice to Appear (Notice), which indicated that he would be ordered to appear before an IJ in Chicago on a date and time to be set in the future. The Notice charged Vyloha with removability because he overstayed his non-immigrant visa. *See* 8 U.S.C. § 1227(a)(1)(B).

Two days later, a notice of hearing was mailed to Vyloha's attorney setting the hearing date for August 21, 2006. Several other hearing notices followed. On October 13, 2006, Vyloha appeared before the IJ in person for his scheduled

---

[1] Vyloha does not seek judicial review of the Board's *sua sponte* decisions, most likely because *sua sponte* decisions are unreviewable unless the Board makes a constitutional or legal error. *Fuller v. Whitaker*, 914 F.3d 514, 519 (7th Cir. 2019).

removal hearing and presented a letter from his counsel explaining that he was out of the country and requesting that the IJ reschedule the matter to November 2006. At the October 2006 hearing, Vyloha indicated that he preferred to proceed in English. After confirming that Vyloha was comfortable proceeding in English, the IJ conducted the hearing and personally served Vyloha with notice that his rescheduled removal hearing was set for May 2007. In addition, the IJ orally informed Vyloha of the hearing's time and warned him about the consequences of failing to appear. Vyloha nonetheless did not appear at the May 2007 removal hearing. Consequently, the IJ found him removable as charged and ordered him removed *in absentia*.

Shortly after his May 2007 hearing, police arrested Vyloha for driving with a suspended driver's license. While serving a 31-day sentence for that offense, Vyloha learned that there was an Immigration and Customs Enforcement (ICE) detainer on him. Vyloha asserts that because ICE did not take him into custody at the conclusion of his sentence, he assumed his attorney had resolved his immigration problems.

Approximately ten years later, in September 2017, ICE apprehended and detained Vyloha. He then filed a motion to reopen his immigration proceedings and to rescind the *in absentia* order pursuant to 8 U.S.C. § 1229a(b)(5)(C). Vyloha claimed he had no notice of the May 2007 hearing due to his limited English proficiency. He further asserted there was an exceptional circumstance to reopen his case based on his counsel's ineffectiveness in failing to tell him about his hearing date. In the alternative, Vyloha asked the IJ to exercise its *sua sponte* authority to reopen his immigration proceedings

based on his lack of notice and counsel's ineffectiveness.

In November 2017, the IJ denied Vyloha's motion to reopen reasoning that Vyloha had notice of his removal hearing. The IJ noted that the first IJ had personally served Vyloha with notice of his May 2007 hearing, and, under Seventh Circuit law, personal service in English to a non-English speaker typically satisfies due process because the alien is on notice that further inquiry is needed. The IJ also concluded that Vyloha did not establish that counsel's performance prejudiced him because he directly received notice of his removal hearing both orally and in writing. Finally, the IJ concluded that the motion to reopen and rescind was untimely, and that Vyloha had not established equitable tolling because of his lack of due diligence.

Vyloha filed a motion to reconsider arguing that the IJ did not consider his request to reopen his proceedings *sua sponte* so that he could apply for the adjustment of his status. In December 2017, the IJ denied the motion and noted that *sua sponte* authority is an extraordinary remedy reserved for exceptional circumstances. Vyloha did not meet this standard, according to the IJ, especially because he had waited ten years before seeking to reopen.

Vyloha appealed the IJ's denial of his motion to reconsider. In May 2018, the Board affirmed and dismissed the appeal. The Board concluded that Vyloha's lack of notice argument failed because he was personally served with written and oral notice of his May 2007 hearing, which sufficed despite any English language deficiencies. Further, the Board noted that Vyloha's motion to reopen was untimely and that Vyloha had failed to establish that equitable tolling applied given his lack of due diligence in seeking relief. Last,

the Board affirmed the IJ's ruling that Vyloha did not establish exceptional circumstances to warrant *sua sponte* reopening.

Vyloha then filed a timely petition seeking judicial review of the Board's May 2018 decision. While his first petition was pending, Vyloha filed a motion to reconsider directly with the Board based on the Supreme Court's June 2018 decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In that motion, Vyloha argued that because his initial Notice lacked the specific date and time of his removal hearing, the immigration courts did not have subject-matter jurisdiction over his proceedings. The Board denied Vyloha's motion to reconsider in October 2018, after which Vyloha filed a timely petition for review. This consolidated appeal of the two petitions followed.

## II

We first turn to the Board's May 2018 decision affirming the IJ's denial of Vyloha's motion to reconsider, which we review for an abuse of discretion. *Sembhi v. Sessions*, 897 F.3d 886, 891 (7th Cir. 2018); *Yusev v. Sessions*, 851 F.3d 763, 766 (7th Cir. 2017). The Board has abused its discretion when its decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis, such as invidious discrimination against a race or particular group." *Singh v. Sessions*, 898 F.3d 720, 724 (7th Cir. 2018) (internal quotation marks omitted).

When the Board adopts and then supplements an IJ's decision—as happened here—we review both decisions. *Herrera-Garcia v. Barr*, 918 F.3d 558, 561 (7th Cir. 2019); *Plaza-Ramirez v. Sessions*, 908 F.3d 282, 285 (7th Cir. 2018). Here, the

Board reviewed the IJ's December 2017 denial of Vyloha's motion to reconsider. To succeed on a motion to reconsider, Vyloha was required to show that the IJ's earlier decision contained a legal or factual error. *See Sembhi*, 897 F.3d at 892.

As background, under 8 U.S.C. § 1229a(b)(5)(C)(i), an alien seeking to have his *in absentia* removal order rescinded generally must file a motion to reopen within 180 days of the removal order and demonstrate that his failure to appear was due to exceptional circumstances. *See Sembhi*, 897 F.3d at 888-89. But a motion to reopen and rescind may be filed at any time if the motion is based on a complete lack of notice. *United States v. Arita-Campos*, 607 F.3d 487, 492 (7th Cir. 2010); 8 U.S.C. § 1229a(b)(5)(C)(ii).

In its May 2018 decision, the Board concluded that Vyloha had not established any error of law or fact in the IJ's denial of his motion to reopen. In doing so, the Board explained, "[t]o the extent that the respondent argues that his non-appearance at the removal hearing on [May 18, 2007] was the result of ineffective assistance of counsel, his motion to reopen was untimely," and Vyloha "concedes on appeal, he missed the filing deadline by approximately 10 years." The Board then reasoned Vyloha did not exercise due diligence in seeking relief during that ten-year period for equitable tolling purposes.

Vyloha blames his untimely motion on his attorney's alleged misconduct. Ineffective assistance of counsel can excuse a late filing, but as we have repeatedly held "[e]quitable tolling based on counsel's performance requires, at a minimum, that the petitioner show that he exercised due diligence in seeking relief and that he suffered prejudice as a result of the lawyer's deficient performance." *Yusev*, 851 F.3d

at 767; *see also Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006). At oral argument, however, Vyloha conceded that he could not establish due diligence—an admission that is fatal to his equitable tolling argument.

Next, Vyloha contends he *never* received notice of his May 2007 hearing and subsequent *in absentia* removal order, and therefore, he is not barred by the 180-day deadline for motions to reopen and rescind. *See Arita-Campos*, 607 F.3d at 492 ("[I]f an alien can demonstrate that he was never notified of the proceeding, a motion to reopen may be filed 'at any time.'") (quoting 8 U.S.C. § 1229a(b)(5)(C)(ii)). On this issue, the Board concluded that the IJ personally served Vyloha with notice in October 2006. The Board further explained that although Vyloha may not be fluent in English, "personal service in English to a non-English-speaker typically satisfies due process because it puts the alien on notice that further inquiry is needed, leaving the alien to seek help from someone who can overcome the language barrier." *Singh v. Holder*, 749 F.3d 622, 626 (7th Cir. 2014).

On appeal, Vyloha contends that he did seek help to overcome the language barrier by retaining the services of a licensed attorney to guide him through the process—yet his attorney failed him. Vyloha's argument, however, ignores the IJ's factual finding that he was comfortable proceeding in English at the October 2006 hearing, at which time the IJ gave Vyloha both written and oral notice of his May 2007 removal hearing. Also, at that hearing, the IJ explained to Vyloha the consequences of failing to appear at his removal hearing.

Vyloha does not actually argue that we must reverse the IJ's factual finding regarding his English language skills—

which we can only do if evidence in the record compels the opposite conclusion. *See Gonzalez Ruano v. Barr*, 922 F.3d 346, 354 (7th Cir. 2019); *Herrera-Garcia*, 918 F.3d at 561. Rather, he posits that he was afraid to admit to the IJ that he did not understand English. Vyloha's post hoc explanation does not save the day. In the end, Vyloha's argument that he *never* received notice based on his poor English skills is belied by the IJ's factual finding, which substantial evidence supports. *See Herrera-Garcia*, 918 F.3d at 561.

Accordingly, the Board did not abuse its discretion in affirming the IJ's denial of Vyloha's motion to reconsider. The Board reasonably concluded that Vyloha did not establish any error of law or fact.

## III

We next examine Vyloha's subject-matter jurisdiction argument for which he relies on the Supreme Court's decision in *Pereira*. Vyloha contends that the Board and the IJ lacked subject-matter jurisdiction over his immigration proceedings because his original Notice lacked the specific date and time of his removal hearing under 8 U.S.C. § 1229(a)(1)(G)(i). We recently addressed this exact argument concluding that the statutorily-required information is not jurisdictional, but concerns a claim-processing rule. *Ortiz-Santiago*, 924 F.3d at 958. We explained that failing to comply with § 1229(a)(1)(G)(i) "is not one of those fundamental flaws that divests a tribunal of adjudicatory authority," but instead "failure to comply with that rule may be grounds for dismissal of the case." *Id*. at 963. We also instructed that "a party wishing to object to a violation of a claim-processing rule must make a timely objection." *Id*. at 964.

Vyloha took issue with his defective Notice only after the Supreme Court decided *Pereira* and when he "saw the possibility of wiping out his entire immigration proceeding." *Id*. As we explained in *Ortiz-Santiago*, although the Supreme Court's decision in *Pereira* represented a genuine change in circumstances, the clear and unequivocal statutory text of § 1229(a)(1)(G)(i) supported a meritorious argument that Vyloha could have raised before *Pereira*. *See Ortiz-Santiago,* 924 F.3d at 964. In other words, Vyloha could have argued that his Notice was statutorily deficient well before the *Pereira* decision. As such, Vyloha's present challenge is untimely.

Our next inquiry is whether we should excuse Vyloha's forfeiture. *See id.* at 965 ("Relief will be available for those who make timely objections, as well as those whose timing is excusable and who can show prejudice."). As explained above, a personally served notice of hearing shortly followed the original Notice in this matter. Vyloha then appeared for his removal hearing on October 13, 2006, at which time the IJ rescheduled his hearing for May 2007. In doing so, the IJ confirmed that Vyloha wished to proceed in English and then gave Vyloha both oral and written notice of his May 2007 removal hearing. The IJ further explained the consequences of Vyloha's failure to appear. Under these circumstances, Vyloha cannot show prejudice that would excuse his forfeiture.

We need not address Vyloha's cancellation of removal arguments because they are premised on the immigration courts' lack of subject-matter jurisdiction.

For these reasons, Vyloha's petitions for judicial review are DENIED.