**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019[*]
Decided October 21, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1027

| | |
|---|---|
| SHARAREH SHOJAEDDINI and MARYAM JAHANGIRI, *Petitioners*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | Nos. A078-208-227 & A078-208-228 |
| WILLIAM P. BARR, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Sharareh Shojaeddini, a native of Iran and citizen of Norway, and her daughter Maryam Jahangiri, a native and citizen of Norway, petition for review of the denial of their motion to reconsider and terminate their removal proceedings. Shojaeddini and Jahangiri argue that the immigration judge (and the Board of Immigration Appeals) did not have jurisdiction over their removal proceedings because the Notices to Appear sent to them by the Department of Homeland Security lacked the requisite time-and-date

---

[*] We agreed to decide the case without oral argument because the dispositive issue has been authoritatively decided. *See* FED. R. APP. P 34(a)(2)(B).

information in violation of both the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(G)(i), and the regulations defining the immigration court's authority. We rejected this same argument in *Ortiz-Santiago v. Barr*, 924 F.3d 956 (7th Cir. 2019), holding that absence of this information in a notice did not deprive the immigration judge of jurisdiction. Because this immigration judge had jurisdiction and Shojaeddini and Jahangiri did not timely object to the defective notice, we deny the petition for review.

Shojaeddini and her family fled Iran in 1986 to avoid persecution and eventually settled in Norway. Several years later Shojaeddini became a naturalized citizen and after that gave birth to her daughter in Norway.

Soon thereafter, Shojaeddini came to the United States and sought asylum. On her application Shojaeddini did not disclose that she was a Norwegian citizen or that she had been living there since 1986. She falsely stated that she was married to an Iranian citizen who had been detained and tortured in Iran. In 2001 Shojaeddini and Jahangiri were granted asylum, and in 2006 they received permanent-resident status.

Two years later the Department of Homeland Security began investigating Shojaeddini for asylum fraud and served her and her daughter with separate notices charging them as removable because they were inadmissible aliens under 8 U.S.C. § 1227(a)(1)(A). Shojaeddini was charged based on her failure to report her Norwegian citizenship on her asylum application. *See id.* § 1182(a)(6)(C)(i). Jahangiri, by extension, was charged as removable because she relied on a fraudulent grant of asylum to obtain permanent-resident status. *See id.* § 1182(a)(7)(A)(i)(I). The notices that they received, however, did not specify the time and date of their removal hearings. That information came later in separate documents.

An immigration judge consolidated Shojaeddini's and Jahangiri's removal proceedings. The mother and daughter admitted the allegations, and the IJ found them removable. After further proceedings involving the petitioners' request for relief under the fraud waiver, *see id.* § 1227(a)(1)(H), the Board upheld the IJ's findings of removability and his determination that Shojaeddini and Jahangiri were ineligible for all immigration relief, *see id.* § 1158(d)(6). We in turn upheld the Board's decision in January 2018. *Shojaeddini v. Sessions*, 880 F.3d 325, 329 (7th Cir. 2018).

In June the Supreme Court issued its decision in *Pereira v. Sessions*, 138 S. Ct. 2105, 2118 (2018), holding that a notice that omits a specific time and place for a removal

hearing cannot trigger the "stop-time rule." (That rule defines the endpoint of a noncitizen's qualifying residence in the United States for certain immigration benefits. 8 U.S.C. § 1229b(d)(1)(A).) The stop-time rule is not triggered, the Court explained, because "[a] document that fails to include such information is not a 'notice to appear under section 1229(a).'" *Pereira*, 138 S. Ct. at 2118.

Based on *Pereira* Shojaeddini and Jahangiri sought reconsideration before the Board of the IJ's ruling. Under *Pereira*, they asserted, the documents they received were not valid "Notices to Appear" under § 1229(a) because they did not specify a time and date for their hearings. A defective Notice to Appear does not vest jurisdiction with the immigration court, they argued, so the IJ did not have authority to adjudicate their removal, and the proceedings had to be terminated. In support Shojaeddini and Jahangiri pointed to regulations from the Department of Justice providing that "[j]urisdiction vests, and proceedings before an Immigration Judge commence" only when a "charging document," i.e., a valid Notice to Appear, is served on the noncitizen and filed with the immigration court. *See* 8 C.F.R. § 1003.14(a); *see also id.* § 1003.13.

The Board denied their motion for reconsideration, concluding that *Pereira* did not compel that result. Relying on one of its earlier decisions, the Board explained that a Notice to Appear lacking time-and-date information about the removal hearing nonetheless vests jurisdiction with the IJ and complies with 8 U.S.C. § 1229(a) as long as this information later is sent to the noncitizen. *See In re Bermudez-Cota*, 27 I. & N. Dec. 441, 444–47 (BIA 2018). In *Bermudez-Cota* the Board emphasized that its regulations require a Notice to Appear to provide the time and date only "where practicable." *Id.* at 444–45 (citing 8 C.F.R. §§ 1003.15(b), 1003.18(b)).

Shojaeddini and Jahangiri then filed this petition for judicial review. They maintain that we should reject the Board's holding in *Bermudez-Cota* because it is inconsistent with *Pereira* and the statutory requirements in § 1229(a), which override the regulatory definition of a "Notice to Appear." Because their notices were not valid charging documents, the petitioners contend that jurisdiction over their removal proceedings never vested with the IJ under 8 C.F.R. § 1003.14.

After they filed their opening brief, however, we rejected virtually the same argument in *Ortiz-Santiago*, 924 F.3d at 963. *See also Vyloha v. Barr*, 929 F.3d 812, 814 (7th Cir. 2019). There, we held that even after *Pereira*, the requirement of time-and-date information in a Notice to Appear is not jurisdictional but merely a "claim-processing

rule." *Ortiz-Santiago*, 924 F.3d at 963.[1] Failure to comply with a claim-processing rule may be grounds for dismissal, but such objections can be waived or forfeited if not timely raised. *Id.* A defective Notice to Appear does not become an error immune to waiver or forfeiture merely because the Department of Justice issued a regulation purporting to describe when "jurisdiction" vests. *Id.* We left open the possibility, however, that an untimely objector could overcome forfeiture by showing that the delay was excusable and that prejudice resulted from the defective Notice. *See id.* at 965.

Under *Ortiz-Santiago*, Shojaeddini's and Jahangiri's failure to timely object to their defective notices means that they forfeited this argument. *See id.* at 963. Further, they have not shown, nor even attempted to show, that their untimeliness is excusable or that they were prejudiced by having received the time and date of their hearing in a separate document. *See id.* To the contrary, they had time to obtain counsel, prepare for the hearing, and attended it. *See id.* at 964–65; *Vyloha*, 929 F.3d at 817.

The petition for review is DENIED.

---

[1] All other Circuit Courts of Appeals that have considered this issue have also concluded, albeit some on different grounds, that a notice that lacks the requisite time-and-date information does not deprive an immigration judge of jurisdiction. *See Goncalves Pontes v. Barr*, 938 F.3d 1, 4–6 (1st Cir. 2019); *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019); *Nkomo v. U.S. Att'y Gen.*, 930 F.3d 129, 133–35 (3d Cir. 2019); *United States v. Cortez*, 930 F.3d 350, 357–62 (4th Cir. 2019); *Pierre-Paul v. Barr*, 930 F.3d 684, 689–94 (5th Cir. 2019); *Santos-Santos v. Barr*, 917 F.3d 486, 490–91 (6th Cir. 2019); *Ali v. Barr*, 924 F.3d 983, 986 (8th Cir. 2019); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019); *Soriano-Mendosa v. Barr*, 768 F. App'x 796, 801–02 (10th Cir. 2019) (nonprecedential); *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153–57 (11th Cir. 2019).