18-1495
Calle-Crespo v. Barr

BIA
Lamb, IJ
A079 216 913

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand nineteen.**

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> *Circuit Judges,*
> ALISON J. NATHAN,*
> *District Judge.*

_____

FELIX LEONARDO CALLE-CRESPO,

        *Petitioner,*

---

* Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

v.                            18-1495

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

                  *Respondent*.

_____

FOR PETITIONER:            James A. Welcome, Law Offices of James A. Welcome, Waterbury, CT.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramintz, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Felix Leonardo Calle-Crespo, a native and citizen of Ecuador, seeks review of a May 7, 2018 decision of the BIA, affirming the November 29, 2017 decision of an Immigration Judge ("IJ") denying his motion to rescind his in absentia removal order and reopen his removal proceedings. *In re Felix Leonardo Calle-Crespo*, No. A079 216 913 (B.I.A. May 7, 2018), *aff'g* No. A079 216 913 (Immig.

Ct. N.Y. City Nov. 29, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

"[F]or the sake of completeness," we have considered both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). Motions to reopen in absentia removal orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence of eligibility for relief from removal. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353–55 (BIA 1998). Accordingly, when, as here, an alien files a motion that seeks both rescission of an in absentia removal order, as well as reopening of removal proceedings based on new claims for eligibility for relief, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

Motion to Rescind

An in absentia removal order "may be rescinded only – (i) upon a motion to

reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . ; or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice . . . and the failure to appear was through no fault of the alien." 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Calle-Crespo has never claimed that he did not receive notice of his November 2001 hearing. Therefore, his motion to rescind was subject to the 180-day time limit, and he was required to demonstrate that exceptional circumstances excused his failure to appear. *See* 8 U.S.C. § 1229a(b)(5)(C); *Song Jin Wu*, 436 F.3d at 162.

Calle-Crespo's 2017 motion to rescind was indisputably untimely because the IJ's in absentia removal order was issued more than 15 years earlier, in 2001. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Further, Calle-Crespo did not allege any circumstances that caused his failure to appear at his hearing. Accordingly, the agency did not abuse its discretion in denying his motion to rescind. *Id.*

Motion to Reopen

An alien seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative order of removal was entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). As with his motion

4

to rescind, it is undisputed that Calle-Crespo's motion to reopen was untimely, since it was filed more than 15 years after his in absentia removal order. Nevertheless, an untimely motion may be excused in order to permit an alien to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4); similarly, an alien may seek tolling of an otherwise untimely motion based on the ineffective assistance of counsel, *see Iavorski v. U.S. INS*, 232 F.3d 124, 134 (2d Cir. 2000). Here, however, Calle-Crespo has not proffered any such argument, but merely asserts that equitable tolling is warranted in light of his value as a potential witness in an SEC investigation and his family ties in the United States, where his children are citizens. Such changed personal circumstances in the United States are not a basis to excuse the time limitation for filing a motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

Accordingly, the agency did not abuse its discretion in denying Calle-Crespo's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.23(b)(1).

Sua Sponte Reopening

Although the agency may exercise its sua sponte authority to reopen otherwise untimely removal proceedings, *see* 8 C.F.R. § 1003.23(b)(1), we lack jurisdiction to review the agency's refusal to do so, *see Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), unless the agency "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). Here, the BIA did not misperceive the law in declining to reopen Calle-Crespo's proceedings. *See In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). Accordingly, we lack jurisdiction to review the BIA's decision not to reopen sua sponte, and we dismiss the petition for review to this extent. *See Ali*, 448 F.3d at 518.

Remand in light of *Pereira v. Sessions*

Calle-Crespo argues that his proceedings should be remanded because he is now eligible to apply for cancellation of removal in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). But Calle-Crespo did not apply for cancellation of removal before the agency. Thus, any arguments

6

relating to Calle-Crespo's eligibility for cancellation of removal are not properly before this Court. Rather, the appropriate course is for Calle-Crespo to file a motion to reopen his removal proceedings with the BIA for the purpose of applying for cancellation of removal in the first instance. *See* 8 C.F.R. § 1003.2(a); *see also, e.g.*, *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019); *Plaza-Ramirez v. Sessions*, 908 F.3d 282, 286 (7th Cir. 2018).

Due Process

Finally, to the extent that Calle-Crespo argues that the IJ violated his Due Process rights by denying his motion to reopen and motion to rescind, we find this argument to be without merit.

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court