NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2020
Decided May 21, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1267

| | |
|---|---|
| SANTOS W. REYES-CIFUENTES, *Petitioner*, | On Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A216-376-513 |
| MERRICK B. GARLAND, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Santos Reyes-Cifuentes, a Guatemalan native, petitions for relief from removal on the ground that local gang members extorted money from him because he managed a restaurant. He applied for asylum and deferred removal under the Convention Against Torture ("CAT"). An immigration judge ("IJ") found that his purported social group (restaurant managers) did not motivate the gang to extort him—money did—and in any case, the treatment he suffered was not persecution, so she denied asylum relief. The IJ further ruled that Reyes-Cifuentes did not qualify for protection under CAT

because the gang had not tortured him and was not likely to do so in the future. Reyes-Cifuentes argues that the IJ used the wrong legal standard in assessing persecution on his asylum claim. But we do not need to reach the question of persecution because Reyes-Cifuentes's asylum claim fails for another reason: the gang did not persecute him based on his proposed social group. We therefore deny the petition for review.

## I. Background

Reyes-Cifuentes entered the United States in 2017 and promptly applied for asylum, withholding of removal, and protection under CAT. At his removal hearing before an IJ, he testified that he managed a restaurant in Guatemala and his troubles began when a gang mistook him for a wealthy restaurant owner, demanded money from him, and threatened to kill him and his son if he failed to pay. He knew of others in the restaurant business who had been murdered after they did not pay similar demands. Initially he complied and paid the equivalent of $130 every two weeks. On Mother's Day he celebrated with his mother instead of paying the gang. The next day as two police officers looked on, three gang members punched, kicked, and beat him with bottles for three to five minutes, leaving wounds that required medical attention. He continued to pay and was not physically harmed again. But a few months later, the gang demanded much more—approximately $4,600. He could not pay in full, so he paid what he could and fled to the United States. His family remained in Guatemala and they have received threats from the gang, so they have moved around to avoid harm. Reyes-Cifuentes fears that he will face future harm if he returns to Guatemala because the gang would find him.

The IJ denied Reyes-Cifuentes's application for asylum. She noted that he had not alleged which protected characteristic caused his persecution but that his testimony suggested it was the social group of restaurant managers. She doubted that this was a valid social group within the meaning of the statute. But in any case, he had not shown that the "intent" of his assailants was to "overcome his status as a manager of a restaurant" rather than simply to "enrich themselves." The money demands persisted even after he was no longer a restaurant manager. The IJ further found that the beating and death threat were "not sufficient to amount to" past persecution, and Reyes-Cifuentes did not have an "objectively reasonable" fear of future persecution.

The IJ also denied Reyes-Cifuentes's remaining claims. His request for withholding of removal (not at issue here) was denied because the standard for relief is more demanding than for asylum, so it too had not been met. And his CAT claim was

denied because his past treatment was not torture and he furnished no other evidence of likely future torture.

The Board of Immigration Appeals dismissed his administrative appeal. The Board found no clear error in the IJ's finding that the gang members had been motivated by money and agreed with the finding that the beating Reyes-Cifuentes suffered was not persecution under asylum law or torture under CAT.

## II. Discussion

Because the Board agreed with the IJ's decisions, adopting the judge's reasoning and supplementing it with the Board's own review, we review both decisions. *Escobedo Marquez v. Barr*, 965 F.3d 561, 565 (7th Cir. 2020). "We review legal determinations *de novo* and findings of fact for substantial evidence." *Plaza-Ramirez v. Sessions*, 908 F.3d 282, 285 (7th Cir. 2018). Reyes-Cifuentes argues that the IJ and the Board legally erred in deciding three matters: (1) whether the harm he faced was persecution for asylum purposes; (2) whether, again for asylum purposes, that harm occurred because of a protected characteristic; and (3) whether he had been tortured for purposes of CAT relief. We start with whether Reyes-Cifuentes faced persecution on account of a protected characteristic because that question alone can and does resolve the asylum claim.

Reyes-Cifuentes must lose if substantial evidence supports the finding that he did not face violence "on account of" a protected characteristic—in his case, a social group. *See* 8 U.S.C. § 1101(a)(42). Reyes-Cifuentes maintains that he belongs to the "social group" of restaurant managers. A protected social group bears a characteristic "that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Tapiero de Orejuela v. Gonzales*, 423 F.3d 666, 672 (7th Cir. 2005) (quoting *Lwin v. INS*, 144 F.3d 505, 512 (7th Cir. 1998)). As the IJ noted, Reyes-Cifuentes left his social group because he is no longer a restaurant manager and he did not testify that his membership in this group was fundamental to his identity. So the premise of his social-group argument lacks an evidentiary foundation.

Reyes-Cifuentes's petition for review also fails for a more fundamental reason: the IJ permissibly found that he was not targeted in the past because he was a restaurant manager but instead was attacked because the gang wanted his money. The record contains substantial evidence that money, not restaurant-manager status,

motivated his attackers because according to Reyes-Cifuentes, their demands for money persisted after he was no longer a restaurant manager. And one's connection to wealth is not, by itself, membership in a social group covered by our asylum laws. *See Tapiero de Orejuela*, 423 F.3d at 672 (citing *In re V-T-S-*, 21 I. & N. Dec. 792, 799 (1997)).

Reyes-Cifuentes notes that the IJ stated that the gang did not intend to "overcome" his status as a restaurant manager. It is true, as Reyes-Cifuentes points out, that an asylum applicant is no longer required to show that a persecutor sought to "overcome" his protected characteristic—that is an old formulation of an obsolete standard. *See Stanojkova v. Holder*, 645 F.3d 943, 949 (7th Cir. 2011). But the IJ's use of this language is harmless. In the preceding sentence, the IJ used the correct standard. There, she found that Reyes-Cifuentes had

> not established that he was actually targeted for harm on account of his being a manager of a restaurant, but rather was being targeted for harm because gang members and police officers were trying to unlawfully enrich themselves … by targeting people that they believed to have money and resources to pay their extortion.

The IJ thus determined that money was the motive, and that finding alone, for which there is sufficient evidence, defeats the claim of past persecution.

Without a showing that he was persecuted in the past because of his membership in a social group, Reyes-Cifuentes had to furnish evidence that he will be subjected to future persecution on this basis. *Sirbu v. Holder*, 718 F.3d 655, 660 (7th Cir. 2013). But he did not testify that he would resume his work as a restaurant manager, so his claim of future persecution fails for lack of proof.

Reyes-Cifuentes also challenges the Board's conclusion that he did not suffer torture, a requirement for CAT relief. But in his brief to this court, he relies primarily on *Stanojkova*, which deals solely with persecution under asylum law, not torture under CAT. Because he has not developed an argument for relief under CAT, we accept the findings of the IJ and the Board of Immigration Appeals in denying CAT relief.

The petition for review is therefore DENIED.